## RIGGS v. THE CITY OF ST. LOUIS.

To entitle a party to damages upon a protested bill of exchange, drawn or negotiated within this State, the bill must express to be for "*value received.*"

Error to St. Louis Court of Common Pleas.

CROCKETT for Plaintiff.

HUDSON for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

The plaintiff in error, Elisha Riggs, commenced his suit in the court of common pleas, against the City of St. Louis, upon several instruments of writing, made by the city in the form following, to wit :

Treasurer of the City of St. Louis, pay to bearer fifty dollars, being half a year's interest due on, &c., on the bond of the City of St. Louis, number —, to R. Simpson or order, on account of funded debt. Signed, &c.

The counsel for the plaintiff in error has cited a number of authorities to show that this instrument of writing is a bill of exchange under the law-merchant; and not content with the judgment of the court of common pleas in his favor, for the principal and interest due on the several instruments of writing, on which the action was founded, he now seeks to reverse that judgment, because the court did not also allow him damages, as on a bill of exchange. On the part of the city, it is contended that these instruments of writing here sued on, are not bills of exchange, being payable out of a particular fund, and not expressed according to our statute, to be for value received. I see no evidence on the face of these instruments that they were to be paid out of a particular fund ; and though it was agreed on the record that the city ordinances might be read as public law in the agreement of the cause, we have had no references to them to show that the writings sued on were to be thus paid. Our statute, however, we believe, settles the matter. The act concerning bills of exchange, section 7, p. 98 of the Digest of 1835, provides, that "When any bill of exchange expressed to be for value received, drawn or negotiated within this State, shall be duly presented for acceptance or payment, and protested for non-acceptance or non-payment, there shall be allowed and paid to the holder by the drawer and endorser, having due notice of the dishonor of the bill, damages, &c.

The counsel for the plaintiff in error, contends that it is sufficient to satisfy the above recited section of the law, if it can be collected from the face of the instruments of writing, that they were made for value received, and it was not in the contemplation of the lawgiver that the very words "value received," should appear on the face of the writing ; but that it is sufficient if equivalent terms are used. What would be equivalent terms, must consequenly be matter of construction, and on many occasions different opinions might be entertained, and thus a door for litigation left open. Our statute concerning bonds and promissory notes, has defined what shall be a negotiable promissory note. See section six of the act, page 105 of the Digest. And this section has

To entitle a
party to dama-
ges upon a
protested bill
of exchange,

MAY TERM.
1842.

Riggs
v.
The City of
St. Louis.

drawn or ne-
gotiated with-
in this State,
the bill must
express to be
sued on are
for *value re-
ceived.*

received a strict judicial construction.    We now feel dispos-
ed to construe this section of the law concerning bills of ex-
change with the same strictness, in furtherance of what is
believed to be the intention of the legislative body.    It is as
convenient to write the words 'value received,' as any others
of the like import; and if suitors demand damages by the
benefit of the act, they must comply with the terms prescri-
bed by that act.    Because, then, the instruments of writing
sued on are not expressed to be for "value received," it is be-
lieved the court of common pleas committed no error in re-
fusing the plaintiff in error damages.    Its judgment, then, is
affirmed.