## OTTO TRIEBEL

*v.*

## EDWIN M. COLBURN.

1. GARNISHMENT—*whether the treasurer of a municipal corporation is liable to the process.* The treasurer of a municipal corporation is not liable to the process of garnishment in respect to any money held by him in virtue of his official authority.

2. As where there was due a policeman of the city of Peoria the sum of $55, as salary, and his account had been audited, and the city treasurer had the money in his hands, applicable to its payment, and nothing remained to be done but to pay the money over, it was *held*, that the treasurer was not liable as garnishee in respect of the money due the policeman.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

Messrs. O'BRIEN & HARMON, for the appellant.

Messrs. CRATTY & GROVE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question presented by this record is, whether money due to a policeman of the city of Peoria, for his salary, can be garnisheed in the hands of the city treasurer.

The policeman's account had been audited, $55 was due him, the treasurer had the money in his hands, applicable to its payment, and nothing remained to be done but to pay the money over.

Under this state of facts, it is contended that there was an individual liability on the part of the city treasurer to pay over the money to Phillips, the policeman, and that the case comes within the principal of the decision in *Weaver* v. *Davis*, 47 Ill. 235, and that that is decisive of the present case in favor of the appellee.

There, a special master in chancery had in his hands money belonging to a defendant, arising from a partition sale, which he had been ordered by the court to pay over to the defendant; and it was held that by the adjudication of the court, it was the money of the party to whom it was ordered to be paid; that he could have maintained an action for it against the special master, and that the money was no longer in the custody of the law; and the special master was held subject to the process of garnishment. It was held to be, in principle, like the case of a surplus collected by a sheriff, on execution, over and above a sufficiency to pay the judgment, which is not considered to be strictly in the custody of the law, but to be held by the officer as so much money had and received for the use of the defendant, for which the sheriff might be garnisheed. *Pierce* v. *Carleton*, 12 Ill. 358.

In *Lightner* v. *Steinagel*, 33 Ill. 510, the principle was deduced, from an examination of the authorities, that whenever an officer holds money merely as the agent of the law, he can not be subject to the process of garnishment, but if anything arises to change this relation from an official obligation to a personal liability, then he would become amenable to this process.

The city treasurer in this case had no money of the judgment debtor, the policeman, in his hands; the money due to the latter, for his salary, did not become his money until paid over to him. The city treasurer was not indebted to him. He could not have maintained an action against the treasurer, the garnishee, as in the cases of *Weaver* v. *Davis* and *Pierce* v. *Carleton, supra,* but would have been compelled to sue the city, which alone was his debtor.

The supposed ground of personal liability failing, the treasurer of this municipal corporation must be held as not liable to this garnishee process.

This court has held a municipal corporation not to be liable to the process of garnishment. *Merwin* v. *City of Chicago*, 45 Ill. 134.

It would seem to follow, as a consequence, that its treasurer, a mere agent of the corporation, could not be held liable to the process in respect of any money held by him in virtue of his official authority; and the principle declared in *Lightner* v. *Steinagel,* before adverted to, is in denial of such liability. To the same effect, among other authorities, are *Millison* v. *Fisk*, 43 Ill. 113, and *Chearly* v. *Brewer*, 7 Mass. 259.

As the court below held the garnishee liable, the judgment must be reversed.

*Judgment reversed.*