GEORGE CLARK *vs.* HENRY CLARK and trustee.

62 255
91 318

*Trustee process. Juror's fees not "goods, effects, or credits" within R. S., c. 86.*

The fees for the services of one as a juror are not "goods, effects or credits," within the meaning of R. S., c. 86; nor liable to be attached upon trustee process.

Neither the county itself, nor its treasurer, is chargeable on a trustee process for the fees of a juror ordered by the Supreme Judicial Court to be paid from the county treasury.

ON EXCEPTIONS.

DEBT, in which the county of Kennebec is summoned as the trustee of the principal defendant, who served at the October term, 1873, of said court for this county, as a juror fifty-four days and travelled thirty-two miles; for which he was found entitled to receive, under R. S., c. 116, § 11, (according to the report of the case) $112.52; and, on the nineteenth day of December, 1873, the last day of that term, the court ordered that sum to be paid Mr. Henry Clark for such service and travel, and directed the county treasurer to pay it out of the county treasury, which he did the next day, though the writ in this suit had been previously served upon him. Upon his disclosure, stating the foregoing facts, the presiding justice discharged the trustee, and the plaintiff excepted.

Clark v. Clark.

*G. C. Vose*, for the plaintiff.

*A. Libbey*, for the defendants.

APPLETON, C. J. By R. S., c. 86, § 8, "all corporations except counties, towns, school districts and parishes," may be summoned as trustees. By Public Laws of 1873, c. 131, these exceptions were stricken out and "all corporations" were made liable to the trustee process. But this change of the statute in no way affected the principles in accordance with which corporations were to be adjudged trustees or to be discharged as such.

In the present case the treasurer of Kennebec county is sum moned as a trustee by reason of his having in his hands, as such treasurer, fees ordered by this court to be paid the defendant as a juror. These fees are to be paid in accordance with a judgment of the court. The juror served the State in obedience to its laws. There was no contract, express or implied, between him and the county. The fees of a juror are not "goods, effects or credits" of the debtor within the meaning of the statute. He has never depos ited them in the treasury of the county or entrusted them to the care of its treasurer. The county treasurer by R. S., c. 8, § 7, can only pay his fees in accordance with the written order of the court, The judgment and orders of the court are not to be contravened by the issuing of a trustee process. R. S., c. 86, § 55, clause 5 ; *Williams v. Boardman*, 9 Allen, 570 ; *Burnham v. Beale*, 14 Allen, 217.                                        *Exceptions overruled.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.