MORITZ LOWENSTEIN, Plaintiff in Error, *v.* JOHN KNOPF, Defendant in Error.

April 25, 1876.

No instrument in writing, except a bill of exchange, not having the words "value received," is a negotiable instrument in Missouri.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Gottschalk*, for plaintiff in error, cited : Stagg *v.* Linne-pelter, 59 Mo. 336, 339, 340 ; Barrett *v.* County Court of Schuyler County, 44 Mo. 197 ; Kilgore *v.* Bulkley, 14 Conn. 362 ; Miller *v.* Austin, 13 How. 218 ; Bank of Orleans *v.* Merrill, 2 Hill, 295 ; Lindsay *v.* McClellan, 18 Wis. 481 ; Morse on Banking, 52 ; 1 Pars. on Notes & Bills, 26 ; Edw. on Bills (2d ed.), 380 ; Wag. Stat. 216.

*Bell & Thompson*, for defendant in error, cited : Wag. Stat. 216, sec. 15 ; Miller *v.* Austen, 13 How. 218 ; Cate *v.* Patterson, 25 Mich. 191 ; Blood *v.* Northrup, 1 Kan. 28 ; Drake *v.* Markle, 21 Ind. 433 ; Laughlin *v.* Marshall, 19 Ill. 390 ; Hunt *v.* Divine, 37 Ill. 137 ; Patterson *v.* Poin-dexter, 6 Watts & S. 227.

GANTT, P. J., delivered the opinion of the court.

Lowenstein sued Knopf to the April term, 1875, of the St. Louis Circuit Court, setting forth that the People's Savings Institution, by its certificate of deposit dated December 8, 1874, certified that Knopf had deposited $1,000 in said institution, payable three months thereafter to the order of Knopf, with 4 per cent. interest per annum ; that Knopf, before the maturity of the certificate, for value, indorsed and delivered it to the plaintiff ; that, when the certificate matured, plaintiff presented the same and demanded payment, which being refused, he caused it to be protested for non-payment, and due notice to be given to defendant ; wherefore he asks judgment against defendant.

To this petition defendant filed a demurrer, alleging, for causes, that the instrument sued on does not contain the words "value received," and so is not a negotiable instru-ment, nor defendant held liable thereon as indorser and that, under the allegations of the petition, no liability attached to the defendant.

It was afterwards agreed that this demurrer should be sustained *pro forma*, and the case taken at once to general term, where final judgment for plaintiff or defendant should be rendered on the demurrer. The general term affirmed

the judgment and gave final judgment for defendant, to reverse which plaintiff prosecutes this writ of error.

1. Of course the determination of this case must depend on the answer to the inquiry whether the instrument sued on was or was not negotiable.

We have a statute of our own defining negotiable paper and ascertaining its qualities, and are not at liberty to inquire what are the provisions of the statute of Anne, with a view to decide whether this case is within its scope. We consider that to be a matter of no moment.

In 1835 the statute of Missouri (Rev. Code 1835, p. 104 and following) declared that (sec. 2) all promissory notes and bonds should be *assignable*, and the assignee might sue thereon in his own name ; that every promissory note for the payment of money, expressed on the face thereof to be for "value received," negotiable and payable "without defalcation," should be negotiable as an inland bill of exchange (sec. 6), and that (sec. 7) the payees and indorsees of every negotiable note might maintain actions for the sums of money therein mentioned against the makers and indorsers, respectively, in like manner as in cases of inland bills of exchange, and not otherwise ; and that (sec. 9) the assignees of a bond or note, other than a negotiable note as defined in section 6, might maintain an action against the assignor, on failure to obtain payment from the obligor or maker, " only in one of the following cases : " (1) If he use due diligence in the institution and prosecution of a suit against the maker, etc. (2) If the maker were insolvent or non-resident.

Under this act it was held (*Pococke* v. *Blount*, 6 Mo. 338) that a note, payable twelve months after date to the order of A, for value received, was not a negotiable instrument, thus showing that the qualities which constituted paper negotiable were to be looked for in our own statute, and not in that of Anne. In the statute of 1835, again, damages were given to the holder of bills of exchange in some

instances when "expressed to be for value received." Rev. Code 1835, p. 298, secs. 7, 8. The Supreme Court (*Riggs* v. *City of St. Louis*, 7 Mo. 438) held that *these very words* must be found in the bill, and nothing in the way of terms of equivalent import would suffice to lay the foundation of a claim for damages. The same statutory provisions were found respecting bills of exchange and promissory notes in the Revised Code of 1845. Though arranged under heads somewhat varying from those of the statute of 1835, no substantial difference is to be found, and the same observations are true of the Revised Code of 1855 (ch. 18, 21, pp. 292 *et seq*. and 319 *et seq*).

In 1865 marked changes were made in our laws on this subject. By sec. 15 of ch. 86 (p. 396 of Gen. Stat. of Mo.) it was provided "that every promissory note for the payment of money to the payee therein named, or order or bearer, and expressed to be for value received, shall be due and payable as therein expressed, and shall have the same effect, and be negotiable in like manner, as inland bills of exchange."

Under this act a note is negotiable without the words "negotiable and payable without defalcation;" and the words "value received" have never been considered as necessary to the negotiability of a bill of exchange, though they are necessary, under our statute, to the maintenance of a claim for damages for its dishonor. These two things are quite different, and should not be confounded. But no other instrument, except a bill of exchange, wanting the words "value received," can be negotiable in Missouri; and this for the sufficient reason that no other instrument is, by our statutes, declared to be negotiable without this express feature. This consideration is decisive, and the judgment of the Circuit Court is accordingly affirmed, all the judges concurring.