## BOONE COUNTY VS. KECK.

1. *Equitable proceeding to enforce satisfaction of judgment, etc.*
    In a bill filed under the provisions of sec. 2713, Gantt's Digest, by an execution creditor, for the purpose of subjecting the property of a defendant in execution, the latter must be made a party, to entitle the plaintiff to discovery and relief.
2. GARNISHMENT:
    A county is not subject to the process of garnishment.

APPEAL from *Boone* Circuit Court.

Hon. J. H. HUCKELBERRY, Circuit Judge.

*P. C. Dooly,* for appellant.

*J. M. Moore,* for appellee.

WALKER, J.:

Minerva A. Keck filed what is stated to be a complaint in equity, in which she alleges that, at the October term, 1874, of the Boone Circuit Court, she obtained judgment against Jacob R. Keck for $2,050, upon which execution was issued, and returned unsatisfied for want of property upon which to levy. That she is informed, and believes, that Boone County is indebted to Jacob R. Keck, in the sum of $1,500, in public buildings scrip of said county.; that a suit of garnishment has been served upon N. B. Crump, clerk of the court of said county, requiring him to appear and disclose the indebtedness of Boone County to Jacob R. Keck, with a prayer that if, upon investigation of the relation between Boone County and Keck, it should appear that the county is indebted to him, the clerk of Boone County be ordered to issue scrip for the same, and place it in the hands of the sheriff, to be subjected to the satisfaction of the plaintiff's judgment, and for other equitable relief.

A demurrer was filed by Boone County to the complaint, which was overruled.

The county also filed an answer; evidence was heard, and judgment rendered against the county for $2,000, and an order

made that the clerk issue scrip to that amount, and deliver it to the sheriff.

The county appealed.

The sufficiency of the complaint, and the liability of the county (a public corporation) to the process of garnishment, are the material questions to be considered. The Code of Practice provides for a proceeding by a writ of garnishment at law, under the provisions of sec. 2991 Gantt's Digest, and sec. 2713 provides for an equitable proceeding by bill for a discovery of property, money or debts due to the defendant, or in his possession, and in such action against the defendants for a discovery, "persons indebted to the defendant in execution, or holding money or property in which he is interested, or holding the evidences or securities for the same, may be also made defendants."

We may suppose that it was under the latter statute the plaintiffs seek relief. But no discovery is sought against the defendant in execution, no relief is sought against him, nor is he made a party to the action; nor is Boone County made a party. There were no parties defendant. It is true, that Boone County did appear, and filed both a demurrer and answer; concede that thereby she did make herself a party; still, as no complaint was filed against the defendant in execution for a discovery, a proceeding to which he was not made a party, and did not appear, no foundation was laid for calling upon "persons indebted to the defendant in execution to answer." It is a mere waste of time to detail the numerous errors in this proceeding; the complaint is so defective that, if no answer had been filed, and all of the facts thereby taken as confessed, no valid decree could have been rendered. The demurrer should have been sustained.

The remaining question is, was Boone County, a public and political corporation, liable to garnishment for debts contracted by her. It is true, that she may sue and be sued, plead and be

impleaded, but, because this may be done in ordinary proceedings, it does not necessarily follow that she may be garnisheed for the debts which she has contracted as a corporation and for corporate purposes; that her means for payment shall be diverted from their legitimate purpose, and taken to pay liabilities not contracted by her. The Code has made no provision for garnisheeing public corporations, nor does the provision for taking the rights and shares in the stock of banks and of insurance companies, and other corporations, when properly construed, extend to other than private corporations. Such was expressly held to be the proper construction to be given to the statute which authorized " an attachment or judgment, to be levied on the lands of any person or persons whatever, corporate or sole." The court held that these terms do not include municipal corporations; that they are exempt for reasons of necessity. *Mayor of Baltimore* v. *Root*, 8 Maryland, 95.

The language of our statute is, that " persons indebted to the defendant may be required to answer," and our statute also provides (sec. 5625 Gantt's Digest) that the word persons includes a corporation, as well as a natural person. In this respect, the Alabama statute is like ours. But in the *Mayor and Aldermen of Mobile* v. *Roland & Co.*, 26 Ala., 498, it was held, that it did not so control the sections giving the process of garnishment against " any person" indebted, etc., as to authorize a garnishment against a public municipal corporation. Chilton, Ch. J., when considering this statute, said: " The statute, it is true, authorizes any person to be summoned as a garnishee, and sec. 1 of the Code declares that the word person, when used in it, includes a corporation as well as a natural person; but this must be understood only of such provisions as will allow this signification to be given without violating its evident sense and meaning. When, by the context, it is clear no such meaning was intended, and when, by thus construing the word persons, it would render the Code,

which must be taken as a whole, incongruous, we must depart from the letter to give effect to the spirit and manifest intention of the Legislature.

"The provisions of the Code are, the garnishee must be summoned to appear and answer on oath, he must file his answer in three days, and he may be examined orally in presence of the court. This clearly shows that the statute of garnishment can not be applied to corporations, which, from their impersonal, artificial character, cannot be sworn."

The 2714th sec. Gantt's Digest requires, that the answer shall be sworn to in person, not by an agent or attorney; and, therefore, as the county cannot, in person, make the required oath, and as she is prohibited from doing so by an agent or attorney, it necessarily follows that the answer must be received without oath, or that the municipal corporation was not intended to be liable to the process of garnishment.

In this connection, it may be well to look to the purposes for which public corporations are created, and the powers and duties imposed upon them. Kent, in his Commentaries, vol. 2, page 275, says: "Public corporations are such as are created by the government for public purposes, and town, cities, counties and villages, and the whole interest in them belongs to the public. The corporation contracts alone for the public good, and can only make such as are necessary to uphold and maintain the corporation, or for the public good."

The corporate existence of the county as a local municipality to a great extent depends upon her payment of debts contracted for the public benefit, and out of funds drawn by the corporation from the revenues of the corporators for a specific purpose (as in this instance), to pay for a public building, a court house or a jail, without which the corporators (the people) would be inconvenienced.

In the case of *Burnham* v. *City of Fond du Lac*, 15 Wis., 193, the precise question now under consideration was presented. That is, whether a municipal corporation is liable to be garnisheed for its debts to an individual, and it was held, upon principle and public necessity, that they could not.

Besides the authorities cited, the case of *Hawthorne* v. *City of St. Louis*, 11 Mo., 59, 23 Mo., 239, 7 Mo., 439, all bear upon the question before us, presented under different circumstances, and sustain us in the conclusions at which we have arrived, viz: That, whilst private corporations are subject to the process of garnishment under our statutes, public municipal corporations are not subject to such process.

Public policy, indeed, public necessity, requires that the means of public corporations, which are created for public purposes, with powers to be exercised for the public good, which can contract alone for the public, and whose only means of payment of the debts contracted is drawn from the corporators by a special levy for that purpose, should not be diverted from the purposes for which it was collected, to satisfy the demands of others than the parties contracted with.

The remaining question need not be considered, because, from the view which we have taken of the case, the foundation upon which it rests is altogether untenable. No amendment to the complaint can avail the plaintiff.

The judgment of the court below must be reversed and set aside, with costs, and the case dismissed.