ERIE AND PACIFIC DISPATCH, Appellant, *v.* ST. LOUIS COTTON COMPRESS COMPANY ET AL., Respondents.

### June 11, 1878.

Warehouse-receipts made payable to bearer are not negotiable. They are made negotiable only by written indorsement and delivery.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment.*

PHILLIPS & STEWART and D. W. PAUL, for appellant, cited: *Burton* v. *Curyea*, 45 Ill. 327; *Buffington* v. *Curtis*, 15 Mass. 502; *Bailey* v. *Smock*, 61 Mo. 213; *Lowenstein* v. *Knopf*, 2 Mo. App. 159.

EDWARD CUNNINGHAM, JR., for respondents, cited: *Murray* v. *Lardner*, 2 Wall. 110; *Goodman* v. *Harvey*, 4 Ad.

& E. 870; *Hotchkiss* v. *National Bank*, 21 Wall. 354;
*Hamilton* v. *Marks*, 63 Mo. 167.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace, under
the statute regarding claim of specific personal property.
The property in dispute is two bales of cotton. These were
delivered to plaintiff on its bond; and judgment before the
justice was for plaintiff.

On trial anew in the Circuit Court, the cause was tried
without a jury, and there was a verdict and judgment in
favor of defendant Squires, who alone had appealed from
the justice. From this judgment plaintiff appeals.

There is no controversy whatever about the facts, which,
so far as material, are as follows: —

Plaintiff is a common carrier. Defendant, the Cotton
Compress Company, is engaged in the warehouse business.
Green & Moss, of St. Louis, employed the plaintiff to
carry for them to Belgium three hundred and twenty-three
bales of cotton then in the warehouse of the Cotton Com-
press Company, and for which it had issued three hundred
and twenty-three warehouse-receipts, — one receipt for each
bale. These receipts Green & Moss delivered to plaintiff,
and plaintiff delivered three hundred and twenty-one of the
receipts to the Compress Company and received the cor-
responding bales. Two bales were not delivered, and the
receipts for them were retained by plaintiff.

The receipts were what are commonly called "cotton-
notes," and were regular warehouse-receipts deliverable to
bearer. They were not indorsed. Whilst plaintiff was
waiting until the Compress Company should find and iden-
tify the two bales not delivered, a clerk of plaintiff stole
these two warehouse-receipts from the possession of plaintiff,
and took them to defendant Squires, requesting Squires to
lend him some money upon them. Squires took the receipts
to the Compress Company and asked if they were good.

He was told that they were ; that the cotton was there, and the receipts represented " shorts of Green & Mason." Squires then lent to the thief, on the pledge of these two warehouse-receipts, $61. It does not appear that Squires suspected that the warehouse-receipts were stolen, or that he knew that the person borrowing the money was in the employ of plaintiff. He made no further inquiries.

Both plaintiff and Squires demanded the cotton of defendant. In the justice's court, Squires was made co-defendant on motion of the Compress Company.

1. It is manifest on this state of facts that Squires acquired no title to this cotton by the delivery of these warehouse-receipts, unless these receipts were made negotiable by statute in this State. The transfer of a warehouse-receipt, in the absence of some statutory provisions giving them a negotiable character, can convey to the transferee no greater rights than would be acquired by the transfer of the goods themselves of which the receipts are the symbol. The pledgor in this case could not give a valid pledge of the goods themselves, because he did not own and had no authority to pledge them.

It is, however, contended that these warehouse-receipts were negotiable as inland bills of exchange under our law.

The statute provides (Wag. Stats. 220, sects. 6, 7) that " all receipts issued or given by any warehouse, or other person or firm, and all bills of lading   *   *   *   issued or given by any person   *   *   *   for goods,   *   *   *   shall be and are hereby made negotiable by written indorsement thereon, and delivery, in the same manner as bills of exchange and promissory notes ;" and (sect. 7) " warehouse-receipts   *   *   *   may be transferred by indorsement in writing thereon, and the delivery thereof, so indorsed."

We think that this means that there must be both a delivery and indorsement to confer upon a warehouse-receipt the negotiability of mercantile paper.

Promissory notes have a negotiable character only by

force of the statute, and in order that they may have this character the terms of the statute must be complied with. A promissory note in Missouri is not negotiable unless it has the words " value received," because, and only because, the statute requires the use of those words.   Warehouse-receipts are made negotiable by indorsement and delivery ; not by indorsement without delivery, nor by delivery without indorsement.   The language of the statute is explicit, and we must give their meaning to the words.   It would have been easy for the Legislature to say that warehouse-receipts should be negotiable in the same manner as bills of exchange, and then the statute would be susceptible of the interpretation given to it by respondents.   But this has not been done.   *Bailey* v. *Smock*, 61 Mo. 213 ; *Lowenstein* v. *Knopf*, 2 Mo. App. 159.

The view that we have taken of the law disposes of the case.   It is not necessary to set out the instructions given or refused by the learned judge of the Circuit Court.   Defendant Squires clearly acquired no right to this cotton, unless the warehouse-receipts in question were negotiable instruments.

2. It is suggested, however, by counsel for respondents, that if these warehouse-receipts are, by a strict construction of the act, held to be not negotiable, it would follow from the language of sect. 7 of the act that they could be transferred only by indorsement in writing ; and that as they were never indorsed, but merely delivered to plaintiff, no possessory right to the cotton represented by them passed, and the right of possession is still in the original bailors, Green & Mason.   Whatever may be the rights of Squires, therefore, plaintiff, it is now said, cannot recover in this action.

The only controversy in the trial court was as to the rights of Squires ; and the very brief in which this suggestion is made states that the right of Squires to this cotton is the only question submitted by the record for our determination.   That Green & Mason, the owners of the goods,

have given up to plaintiff the right of possession, and that they delivered up to them these warehouse-receipts in order that they might receive this cotton from the Compress Company, is admitted. The theft of the warehouse-receipts could not in any way change the rights of the parties. The only real question in the case is as to the rights of Squires.

The judgment of the Circuit Court is reversed, and judgment will be entered here for the plaintiff. Judge LEWIS concurs; Judge HAYDEN is absent.