## GEORGE W. FAST, FOR USE, ETC.,
## v.
## JEREMIAH P. WOLF.

*Garnishment—Money in Hands of Agent of Municipality.*

1.   Counties are municipal corporations.
2.   Without a special law or contract requiring it, municipal corporations are not bound to seek their creditors.
3.   Moneys appropriated by them for payment of their obligations, and in the hands of their agents, do not belong to their creditors until paid over.
4.   A municipal corporation can not be garnished for the debt of a creditor thereof.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. W. S. EDWARDS and GRAY & WAGGONER, for appellant.

If Fast could have maintained an action against Wolf for the amount due him the day the writ of garnishment was served, then his creditor, the appellant, could recover in a garnishment proceeding. Bartell v. Bauman, 12 Ill. App. 450.

The money was placed in Wolf's hands for specific purposes, one of which was to pay the salary of Fast, and had Fast brought suit against him for the same, he could not have defeated a recovery on the ground that the county and not he (Wolf) was indebted to Fast. It would be true that the county owed Fast, but Wolf had received the money for Fast and would be liable for its payment in an action for money had and received for the use of Fast.

An action of assumpsit for money had and received lies where the defendant holds money, which in equity and good conscience belongs to the plaintiff. Belden v. Perkins, 78 Ill. 449.

The action for money had and received is an equitable action and lies wherever one party has obtained money which, in equity and good conscience, he ought not to be permitted to retain. Barnes v. Johnson, 84 Ill. 95; Laflin v. Howe, 112 Ill. 253.

In the case of Triebel v. Colburn, 64 Ill. 376, the court held that money in the hands of the city treasurer, due a policeman, could not be garnisheed, and quoting from the case of Lightner v. Steinagel, 33 Ill. 510, say: " Whenever an officer holds money as an agent of the law, he can not be subject to the process of garnishment; but if anything arises to change this relation from an official obligation to a personal liability, then he would become amenable to this process."

An administrator to an estate is liable to process of garnishment for money in his hands as such, after an order of distribution has been made directing the manner of payment. Crownover v. Bamburg, 2 Ill. App. 162.

Money in the hands of a special master in chancery is liable to garnishment after an order of distribution. Weaver v. Davis, 47 Ill. 235.

In the case at bar the amount to be paid Fast has been fixed, and money given Wolf to pay the same, and the same

Fast v. Wolf.

reasons exist for garnishment of money in his hands as when held by an administrator or special master in the case cited.

Mr. FREDERICK M. GRANT, for appellee.

The rule seems to be that a person deriving his authority from the law to receive and hold money or property can not be garnisheed for the same, because the money or property is in the custody or control of the law, and while it so continues it does not belong to the debtor. Millison v. Fisk, 43 Ill. 112; M. C. Ry. Co. v. Chicago Ry. Co., 1 Ill. App. 399.

In the last mentioned cases the Appellate Court of the First District go still further in supporting the principle that public officials are exempt from garnishment, and declare that although a railroad is a private corporation, yet so far as it performs the duties of a common carrier, its duties are public, and there was no reason why substantially the same considerations which exempt public officers and agents in the discharge of their official duties from the operation of the statute of garnishment, may not also be extended to the case of common carriers, whenever its application will manifestly and necessarily interfere with the proper discharge of their public duties. The court held that the officer of the railroad was not liable to garnishment because he was an officer or agent of a common carrier. If, then, it is sound law to hold an officer of a railroad corporation, because it is a common carrier, exempt from garnishment, a fortiori is an officer or agent of a public corporation, an organized county, exempt from garnishment.

Unless the answer of the garnishee clearly makes him chargeable, he should be discharged. Pierce v. Carleton, 12 Ill. 358; C. & St. P. Ry. Co. v. Hindman, 85 Ill. 521; I. C. Ry. Co. v. Cobb et al., 48 Ill. 402.

If there is reasonable doubt, from his answer, whether the garnishee is chargeable, he is entitled to judgment in his favor. Drake on Attachment, Sec. 659; Foster v. Walker, 2 Ala. 177; King v. Cathart, 18 Ga. 630.

Neither a municipal corporation, nor its officers or agents,

are liable to the process of garnishment.   Merwin v. City of
Chicago, 45 Ill. 134; Chearly v. Brewer, 7 Mass. 259.

Such a corporation and its official positions are created or
formed for the public welfare, and neither can be properly
turned into an agency for the collection of private debts; the
time of its officers can not be consumed in defending suits, in
order that one private individual may the better collect a
demand due from another.   Merwin v. City of Chicago,
*supra*.

There is yet another ground, ample and sufficient of itself
to sustain the judgment rendered below, even if nothing else
could be urged in that behalf.

Not only is it true, as a matter of law, that neither a
municipal corporation, nor its officers, nor its agents, are sub-
ject to garnishment, but equally true is it, that the salary or
wages of an officer or servant of a county can not be subjected,
in the hands of the county, to garnishment, or proceedings
supplementary to execution—the very thing attempted in this
proceeding to be done.   Wallace v. Lawyer, 54 Ind. 501;
Erie v. Knapp, 29 Pa. Stat. 173; Burnham v. City of Fond
du Lac, 15 Wis. 133; Divine v. Harvie, 7 T. Ben Monr. 440;
The State of Maryland v. The B. & O. Ry. Co., 12 Gill & J.
399; Buckley v. Eckert, 3 Pa. Stat. 368; Hawthorne v. City
of St. Louis, 11 Mo. 59; Fortune v. Same, 23 Mo. 239; Mayor
of Mobile v. Rowland, 26 Ala. 498; The President Union
Turnpike Co. v. Jenkins, 2 Mass. 37; Bradley v. Town of
Richmond, 6 Vt. 121; Stillman v. Isham, 11 Conn. 124; Ward
v. The County of Hartford, 12 Conn. 404.

PLEASANTS, P. J.   This cause was tried by the court below
without a jury and the garnishee discharged on the facts
appearing from his answer and testimony, which are con-
ceded to be in substance as follows:   Fast was keeper of the
poor house and farm of Fulton county at a salary of $700 a
year, and when the writ was served there was due him on that
account about $140.   Wolf, the garnishee, was the county
poor agent, and as such had in his hands money appropriated
by the board of supervisors to pay the indebtedness of the
county existing and accruing on account of the care and sup-

Fast v. Wolf.

port of the county poor, including the salary of Fast. He had had no accounting or settlement with Fast in respect to the amount then due him, nor had any specified amount been set apart or appropriated for its payment, but he had usually paid him by the month, $58.83 a month, and knew about how much was so due; which amount, he says, he would have paid him out of the moneys so in his hands if he had come, instead of the officer with the writ, and asked him for it. This money was in his hands, entire and undivided, and the amount due Fast was the same as any other debt owed by the county. He said: "I owe nothing to Fast personally. The money came to my hands in the capacity of agent of Fulton county. It belonged to Fulton county, and not to Fast until paid to him."

In relation to his own appointment, he testified: "I am the agent of Fulton county. The board of supervisors appointed a committee of three and they selected one of their number to act as agent, and I am the one so appointed."

Of course the opinions of the garnishee, and what he would have done under other circumstances stated, are immaterial. The facts appear, however, with sufficient fullness and clearness to determine the question of his liability in this proceeding.

By Sec. 28 of Chap. 107 of the R. S., the county board is authorized to acquire and maintain a poor house and farm, to appoint a keeper and all other necessary agents and servants for the management and control of them, to make necessary appropriations out of the county treasury for the purchase of land and erection of buildings as authorized by that act, and to defray the expenses necessary in the care and maintenance of the same and for the support of the poor; and "to appoint an agent to have the general supervision and charge of all matters in relation to the care and support of the poor, and prescribe his compensation and duties." The mode of his appointment is not indicated. Any mode recognized by the board and the appointee is therefore sufficient, and there can be no doubt that Wolf was the county poor agent contemplated by the statute.

Counties are municipal corporations.  Chap. 34, R. S., Sections 22–41; Marion County v. Lear, 108 Ill. 343.  Municipal corporations have a locality which is fixed and limited.  Without a special law or contract requiring it, they do not seek their creditors, and are not bound to do so, as are other debtors.  They pay through agents and at places appointed for that purpose, and their creditors seek them at those places.

The moneys appropriated by them, and in the hands of their agents for such payment, do not belong to the creditors until they are paid to them.  Until then the corporation may change the appropriation and apply them to other uses.  The agent receives and holds them as the moneys of the corporation, to be applied according to its directions, given or to be given.  When he pays them to its creditors he pays them under a primary duty to the corporation and not to the creditor, from which duty the corporation may absolve him without regard to the will of the creditor.  His case is, therefore, very different from that of a sheriff or master in chancery, having in hand a surplus after satisfying the execution, or decree under which they obtained it.  These officers received such surplus, together with the amount of the judgment or decree debt, as the money of the debtor.  By warrant of law they retain the amount of such debt, but no more.  The surplus is the debtor's money, being the price received for his property.  Neither the court nor the officers have any pretense of claim to it, or of right to retain it as against him.  Thus, as to such surplus they are clearly within the terms and reason of the statute, and may well be garnisheed.  So as to an executor or administrator after order of distribution made.  The money they hold has been adjudged to be the money of the attachment defendant.  But that in the hands of an agent of a municipal corporation as such agent, is not the money of its creditor.  The agent holds nothing belonging to such creditor, nor is in any way indebted to him.  On principle, then, he is not liable to garnishment for a debt of such creditor.  Triebel v. Colburn, 64 Ill. 376.

On grounds of public policy also, such corporations are

exempt from that liability, and that exemption must extend to their agents.    Merwin v. The City of Chicago, 45 Ill. 135.

*Judgment affirmed.*