## CLARK et al. v. BOARD OF COM'RS OF OSAGE COUNTY.

No. 7846—Opinion Filed Dec. 5, 1916.

(161 Pac. 791.)

**1. Garnishment—Persons Subject—County.**

Where the object to be accomplished is in violation of public policy, the aid of equity may not be invoked. Upon grounds of public policy a county is exempt from garnishment, and this exemption extends to equitable garnishment.

**2. Contracts — Actions — Right of Action—Performance.**

The terms of a contract examined, and held, that under its provisions that there should be no liability until full performance of the work contracted for, there was no liability in a suit for the contract price of the work; the evidence showing that the performance of the work had not been completed at the time of the trial.

(Syllabus by Johnson, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by Charles Clark and others against the board of county commissioners of Osage county. Judgment for defendant, and plaintiffs bring error. Affirmed.

Grinstead & Scott, for plaintiffs in error.

John W. Tillman and C. K. Templeton, for defendant in error.

Opinion by JOHNSON, C. The board of county commissioners of Osage county entered into contracts with Donothan & Moore, a copartnership, for the construction of a courthouse and jail for the county. Contemplating a possible default by the contractors in the performance of their agreements, the contract contained the following clause, to wit:

"And if the architects shall certify that such refusal, neglect, or failure is sufficient grounds for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession for the purpose of completing the work comprehended under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor, he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate shall be conclusive upon the parties."

After partial construction and partial payment of the contract price of the construction, Donothan & Moore notified the board of county commissioners in writing that, on account of financial reverses, they would be unable to complete their contracts, and requested the board to take charge of and complete the work out of the unpaid part of the contract price, which the board proceeded to do. Plaintiffs in error furnished materials to Donothan & Moore prior to the abandonment of the work by the latter, for which they were not paid, and obtained judgments against Donothan & Moore upon the indebtedness represented thereby. In this action, plaintiffs in error sued the board of county commissioners and Donothan & Moore, alleging the completion of the work by the county, the fact that the county had not taken from Donothan & Moore a bond for the protection of materialmen, the indebtedness by the county to Donothan & Moore for a balance of the contract price not expended by the county in the completion of the buildings, the unsatisfied judgments above mentioned, the insolvency of Donothan & Moore, and the absence of an adequate remedy at law; and sought a decree of equitable garnishment against the county to the extent of such amount alleged to be owing by the county to Donothan & Moore. The county contended that it was not liable to garnishment, either legal or equitable; that the work under the contract was not wholly finished at the time of the suit, and under the specific terms of the contract there was no liability until full completion of the work; and that the county had certain claims of offsets and damages against Donothan & Moore, which more than consumed the unexpended balance in the courthouse and jail fund. The lower court rendered judgment in favor of defendants, and plaintiffs have appealed.

The decisive issues are: (1) The liability of the county to the proceeding in equitable garnishment; and (2) the liability of the county to Donothan & Moore as based upon the state of completion of the work. We think that the lower court was correct in holding against the liability of the county, upon both of such issues, and this without regard to the validity of the county's claim for offsets and damages.

Practically every appellate court of the country, which has passed upon the question, has held that, in the absence of a statute specifically conferring the right of garnishment against a county, garnishment does not run against a county. Edmondson v. De Kalb County, 51 Ala. 103; Boone County v. Keck, 31 Ark. 387; Stermer v. La Plata County, 5 Colo. App. 379, 38 Pac. 839; Ward v. Hartford Co., 12 Conn. 404; Duval County v. Charleston Lbr. Co., 45 Fla. 256, 33 South. 531, 60 L. R. A. 549, 3 Ann. Cas. 174; Morgan v. Rust, 100 Ga. 346, 28 S. E. 419; Fast v. Wolf, 38 Ill. App. 27; Wallace v. Lawyer, 54 Ind. 501, 23 Am. Rep. 661; Des Moines Co. v. Hinckley, 62 Iowa, 637, 17 N. W. 915; Webb v. McCauley, 4 Bush (Ky.) 8; Clark v. Clark, 62 Me. 255; Williams v. Boardman, 9 Allen (Mass.) 570; McDougal v. Hennepin Co., 4 Minn. 184; State v. Eberly, 12 Neb. 616, 12 N. W. 96; Boalt v. Williams Co. Com'rs, 18 Ohio, 13; Pettebone v. Beardslee, 1 Kulp (Pa.) 180; Herring-Hall-Marvin Co. v. Kroeger, 23 Tex. Civ. App. 672, 57 S. W. 980; Eureka Sandstone Co. v. Pierce Co., 8 Wash. 236, 35 Pac. 1081; Merrell v. Campbell, 49 Wis. 535, 5 N. W. 912, 35 Am. Rep. 785; Switzer v. Wellington, 40 Kan. 250, 19 Pac. 620, 10 Am. St. Rep. 196.

There is no statute of this state specifically authorizing garnishment as against a county. The Supreme Court of Montana sustained garnishment as against a county in the case of Waterbury v. Deer Lodge County, 10 Mont. 515, 26 Pac. 1002, 24 Am. St. Rep. 67, but based the decision upon a statute of that state expressly authorizing the writ as against a county. In a case, cited by plaintiff in error, viz. Riggin v. Hillard, 56 Ark. 476, 20 S. W. 402, 35 Am. St. Rep. 113, the Supreme Court of Arkansas sustained an equitable garnishment against a county where the liability was complete and admitted. However, that case, in addition to being contrary to the doctrine of almost the universal holding of other courts, referred to the Arkansas case of Boone County v. Keck, supra, holding that legal garnishment could not run against a county, and itself recognized that garnishment of a county was against public policy; and the conclusion reached in that case, that equitable garnishment would lie when its correlative remedy, legal garnishment, was contrary to public policy, was virtually a holding that equity may disregard public policy. In the Georgia, Indiana, Nebraska, Ohio, and Texas cases above cited, relief was sought in equity, and equitable garnishment against a county was held not to lie.

This court has held that, on grounds of public policy, the government of the United States and the several states, and officers and agents thereof, are exempt from garnishment. Manwell v. Grimes, 48 Okla. 72, 149 Pac. 1182. This court has held that neither a county, nor its officers, are liable for material furnished to a contractor in the construction of public buildings for the county, regardless of the fact that no bond had been taken for the protection of materialmen. Bushnell v. Haynes et al., 56 Okla. 592, 156 Pac. 343; Wilson v. Nelson, 54 Okla. 457, 153 Pac. 1179. This court has also held that public buildings are not subject to materialmen's liens. Western Terra Cotta Co. v. Bd. of Education of City of Shawnee, 39 Okla. 716, 136 Pac. 595; Gloyd v. Morris, 42 Okla. 75, 140 Pac. 1149. The reason of these cases is that all men are presumed to know the law, that, if material is advanced in the absence of the bond for the protection of materialmen, it is done in the face of this knowledge and the absence of the bond, which the materialman may have required, and at the sole risk of the creditor, this conjoined with the public policy of not allowing the public interests to be embarrassed by private dispute, to obviate which the bond for the protection of materialmen is provided by statute. The same

reasoning is applicable to the instant situation.

In addition to the above, our statute (section 4836, Revised Laws of 1910) provides:

"4836. Garnishee Not Liable for What.— No judgment shall be rendered upon a liability of the garnishee arising: * * * Third. By reason of any money in his hands as a public officer, or for which he is accountable to the defendant merely as such officer."

This is an express recognition of the public policy of this state, as laid down by implication in other states.

It is clear that a county is not liable to garnishment, and for reasons of public policy. It seems to us that it would be a subversion of equity, to say that it would violate public policy. Garnishment is purely a statutory proceeding, and is usually invoked to reach assets of a debtor, who has no property accessible to the ordinary legal writs, and who, without regard to the garnished property, is in the insolvent condition which plaintiff in error contends gives rise to ground for the interposition of equity in this case. If the exemption of public policy, as applicable to counties in cases of legal garnishment, could be avoided by application to equity, as is attempted in this case, this would amount to a substitution of the equitable for the legal proceeding in practically all cases where a county is indebted to a defendant, for salaries or on public contract or otherwise, for there would be no difference in the equitable principles applicable to the various classes of indebtedness. The equitable proceeding, as contended for here, would be much easier than the legal garnishment, for no bond of affidavit would be necessary. This would amount to a practical abolition of the exemption, and complete violation and subversion of the public policy involved. The bond is for the protection of material men, furnishing materials to public contractors, and to allow the county to make settlement with such contractors without becoming embarrassed by, or involved in, the multitude of small disputes which might arise between the contractor and his own creditors. If a materialman makes advances of materials in the absence of such a bond, under the holdings of this court in the cases of this court upon the question, hereinabove cited, he is guilty of laches, makes the advance upon the credit of the contractor and solely at his own risk, for the requirement of the bond and reliance upon its liability is his legal remedy. Such laches would be an additional reason why he might not invoke the aid of equity. We must therefore hold that

the exemption of the county from garnishment extends to the equitable remedy.

In addition to the above, in this case, if the liability be predicated upon the contract, hereinabove quoted from, independently of the exemption of the county from garnishment, there was no liability on the part of the county to the contractor until full completion of the work; and all of the evidence showed that the work was not fully completed. If the liability be predicated upon quantum meruit, there was an entire absence of proof of the quantum meruit value of the work done by the contractor.

It follows that the suit was not maintainable under either of the issues, denominated by us as decisive; and that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.