## HOYT *v.* PAYSEE (LANDER COUNTY, GARNISHEE)

No. 2777

August 10, 1928.                                       269 P. 607.

*Norcross & Cheney* and *John D. Hoyt*, for Appellant:

*Howard E. Browne,* District Attorney of Lander County, for Respondent:

118

**OPINION**

By the Court, DUCKER, J.:

This appeal is from a judgment in favor of Lander County, garnishee, and against the appellant. The action was commenced by the appellant as assignee of

a materialman who had furnished materials to Robert Paysee, defendant, for use in the construction of a high school building in said county of Lander, in the value of $4,184.52. Appellant caused to be issued and served upon the respondent, the county of Lander, a writ of garnishment with written interrogatories attached which the garnishee was requested to answer.

The interrogatories were as follows:

"What moneys, if any, are owing to Robert Paysee as contractor, or otherwise, for the construction of the Lander County high school building at Battle Mountain, Nevada, and if so, in what amount?

"Is Lander County, or the county commissioners of Lander County, acting as a board of education under the provisions of chapter 35 of the session laws of the State of Nevada for 1921, indebted to Robert Paysee as contractor, or otherwise, for the construction of the Lander County high school building at Battle Mountain, Nevada, and if so, in what amount?"

To each of the interrogatories the answer was $10,150. The interrogatories and answers were signed as follows: "A. Altenburg, Geo. M. South'ward, H. C. Meyer, Commissioners." The answers were not made on oath or affirmation as required by section 5174, Rev. Laws.

Thereafter judgment by default was entered against Paysee for the amount of $4,184.52, the amount of appellant's demand, and for costs, and later, upon said judgment and answers to the interrogatories, judgment was entered in the action that:

"Said defendant, Robert Paysee, do have and recover judgment for the use of the plaintiff herein, against the said county of Lander, garnishee, in the sum of $4,184.52, with interest thereon at the rate of 7 per cent per annum from said date until paid, together with plaintiff's costs and disbursements, which were duly taxed and allowed in the sum of $29.75."

Thereafter respondent caused the judgment against it to be set aside and was permitted to file an answer to the garnishment proceedings. Later respondent filed at different times what were entitled: "Amendment to

Answer to Garnishment Proceedings by Garnishee," "Amended Answer in Garnishment," and "Supplemental Answer by County of Lander." The substance of the pleadings of respondent prior to the supplemental answer may be stated to be that the county commissioners made a mistake in stating in their answers to the interrogatories that the sum of $10,150 was due from the county to Paysee, for the reason that on October 14, 1922, and prior to the garnishment proceedings, said Paysee assigned all moneys due to him to the Battle Mountain Bank as security for the payment of certain loans made by the bank to him on which assignment a judgment was obtained, etc.

The supplemental answer alleges, among other matters not necessary to be stated, that an action was instituted by Lander County and certain of its officers against Robert Paysee, United States Fidelity and Guaranty Company, a corporation, Battle Mountain State Bank, a corporation, Johns-Manville, Incorporated, of California, a corporation, Peerless Pacific Company, a corporation, and John D. Hoyt, for the purpose of determining which of said defendants were entitled to share in that certain fund retained by Lander County at the date of the completion and acceptance of the Battle Mountain high school building, known as the Battle Mountain high school fund, in which there was a balance of $10,150. In that suit a judgment and decree was entered on January 2, 1926, in which it was adjudged and decreed that the defendant bank was entitled to $8,922.32, which amount was duly paid to said bank on January 5, 1926; that there was due and payable to John D. Hoyt the sum of $1,227.68, which amount was duly paid on or about January 20, 1926. It was found in said action that said bank was entitled to the amount awarded by reason of its being the assignee of the defendant Robert Paysee of so much of the Battle Mountain high school fund, which assignment had been made and served upon the county of Lander prior to the garnishment proceedings; and that said John D. Hoyt was entitled to the balance of said fund as the assignee of certain materialmen. It

is also alleged in the supplemental answer that said judgment remains in full force and effect and has not been appealed from, and that the questions presented in the present action are identical to the questions presented in the Lander County action.

In his reply to the supplemental answer, appellant admits the judgment in the Lander County case and admits that the claim of the Battle Mountain State Bank adjudicated therein was superior and prior to the claim and interest of the plaintiff in said fund, but denies that the validity and extent of plaintiff's claim was determined therein, and that the questions presented in said action were identical to the questions presented herein.

The reply also admits that the judgment in the Lander County case remains in full force and effect, and that the same has not been appealed from nor reversed.

Further, in avoidance of the matters pleaded by respondent in the answers, appellant in his reply alleges facts from which it is concluded and alleged that Lander County is estopped to deny that it was indebted to Robert Paysee for the balance unsatisfied in the judgment against him at the time of the service of said writ of garnishment upon it.

Respondent demurred to the reply upon the ground that it did not state facts sufficient to constitute a defense. The demurrer was sustained by the court, and, upon appellant refusing to plead further and electing to stand upon his reply, judgment was rendered that the action against Lander County, garnishee, be dismissed. The appeal is taken from this judgment.

It will be unnecessary to state the facts alleged in the reply upon which appellant bases his claim of estoppel or to determine that question, for we are of the opinion that Lander County is not subject to the process of garnishment.

Appellant claims that the legislature has extended this process to counties. The section relied on is section 5154, Rev. Laws of Nevada. It reads:

"All persons, including municipal and other corporations, having in their possession, or under their control,

any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice as provided in the last two sections, shall be, unless such property is delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged or any judgment recovered by him be satisfied."

It is urged that the term "municipal and other corporations" includes counties. We are aware that the Supreme Court of the United States in Lincoln County v. Luning, vol. 133 U. S. p. 529, 33 L. Ed. 766, has held that the constitution of Nevada, article 8, section 10, expressly recognizes the county as a municipal corporation. But since that decision our supreme court has clearly declared the distinction between a county and a municipal corporation. Schweiss v. District Court, 23 Nev. 226, 45 P. 289, 34 L. R. A. 602. The court said:

"Clearly, a county is not a municipal corporation. If it were, there would have been no occasion for this act, changing Storey County into a municipality. It is, at the most, only a quasi corporation, and possesses only such powers and is subjected to only such liabilities as are especially provided for by law. Mr. Beach, in his work on Public Corporations, states the distinction between them as follows: 'Municipal corporations embrace incorporated cities, villages and towns, which are full-fledged corporations, with all the powers, duties and liabilities incident to such a status; while public quasi corporations possess only a portion of the powers, duties and liabilities of corporations. As instances of the latter class may be mentioned counties, hundreds, townships, overseers of the poor, town supervisors, school districts and road districts.'"

The distinction is also drawn by Mr. Dillon in section 23 of his work on Municipal Corporations. While some decisions have construed the term "municipal corporations" to include counties, the great weight of authority is in accord with the view expressed by this court in Schweiss v. District Court, supra. Askew v. Hale

County, 54 Ala. 639, 25 Am. Rep. 730; Hamilton County v. Mighels, 7 Ohio St. 109; Granger v. Pulaski County, 26 Ark. 37; Woods v. Colfax County, 10 Neb. 552, 7 N. W. 269; Lawrence County v. Railroad Co., 81 Ky. 225; Pulaski County v. Reeve, 42 Ark. 55; Board of Park Commissioners v. Common Council of Detroit, 28 Mich. 237, 15 Am. Rep. 202; Finch v. Board etc., 30 Ohio State St. 37, 27 Am. Rep. 414; Manuel v. Commissioners, 98 N. C. 9, 3 S. E. 829; Cathcart v. Comstock, 56 Wis. 590, 14 N. W. 833; Stermer v. La Plata County, 5 Colo. App. 379, 38 P. 839; Hanson v. City of Cresco, 132 Iowa, 533, 109 N. W. 1109, Andrews, American Law, 505, 506; Thompson, Corporations, sec. 20; Tiedeman, Municipal Corporations, sec. 3; 15 C. J. p. 392; 7 R. C. L. p. 924.

The case of Schweiss v. District Court is cited in Hanson v. Cresco, 132 Iowa 533, 109 N. W. 1109, in support of the distinction so generally recognized that such local subdivisions of the state as counties are quasi corporations as distinguished from municipal corporations proper.

Before the opinion in Schweiss v. District Court, the clause, "including municipal and other corporations," was not contained in the statute. When the laws were revised in 1912, section 130 of the civil practice act, as it then stood, was reenacted verbatim with the added clause, "including municipal and other corporations."

▮ The question presented therefore is, was it intended by the term, "municipal and other corporations," to subject counties to the process of garnishment? We are not prepared to say that such was the intention of the legislature. There can be no dissent from the fact that garnishment in the United States is purely a statutory proceeding. Drake on Attachment, sec. 451; Ency. Pl. & Prac. vol. 9, p. 108; 2 R. C. L. p. 776; Clarke v. Osage County, 62 Okl. 7, 161 P. 791, L. R. A. 1917B, 1269; State ex rel. Summerfield v. Tyler, 14 Wash. 495, 45 P. 31; 37 L. R. A. 207.

In a number of states the use of the process of garnishment has not been granted against counties, and their exemption in this respect is put upon the ground of

public policy. As said in Duval County v. Charleston Lumber Co., 45 Fla. 256, 33 So. 531, 60 L. R. A. 549, 3 Ann. Cas. 174:

"Public corporations such as counties are created for the care and promotion of public interests, and should not from motives of public policy be subjected to the liability of becoming involved in the disputes of private persons, or be made the instrumentalities for collecting private debts."

The following are a few of the many authorities to the same effect: Boone County v. Keck, 31 Ark. 387; Stermer v. La Plata County, 5 Colo. App. 379, 38 P. 839; Morgan v. Rust, 100 Ga. 346, 28 S. E. 419; Wallace v. Lawyer et al., 54 Ind. 501, 23 Am. Rep. 661; Clarke v. Osage County, 62 Okl. 7, 161 P. 791, L. R. A. 1917B, 1269; 28 C. J. p. 58; 12 R. C. L. 842.

By reason of the recognized impolicy of subjecting a county to the inconveniences and liability of garnishment, the rule has been established that the legislative intent to do so must be clearly expressed. The rule is thus expressed in 12 R. C. L. p. 842:

"In the absence of express statutory provision clearly evincing the intention to grant the use of the process of garnishment against counties, public policy forbids that they should be subjected to the process."

"Throughout the United States the remedy by garnishment is purely statutory. The proceeding cannot therefore be extended to cases not clearly provided for in the statute." 9 Ency. Pl. & Prac. 809.

Applying this rule, and in view of the distinction stated in Schweiss v. District Court, of which the legislature must be presumed to have been cognizant, we hold that a county is not subject to the process of garnishment.

The judgment of the lower court is affirmed.