Goodwine State Bank, Appellant, v. Elmer J. Wise and American Bank & Trust Company, Appellees.

Gen. No. 8,442.

Opinion filed April 14, 1931.

GRAHAM & DYSERT, for appellant.

JONES, McINTIRE & JONES, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted from the order of the circuit court of Vermilion county, sustaining a demurrer to a creditor's bill filed by the appellant Goodwine State Bank against the appellees Elmer J. Wise, and the American Bank and Trust Company, and the decree dismissing the bill for want of equity. The bill contains the following averments concerning the facts involved, namely:

"That on or about January 6th, A. D. 1930, the defendant, Elmer J. Wise, was indebted to said complainant on a judgment, for Six Hundred Dollars and Twenty-five cents ($600.25), in the Circuit Court of Vermilion County, Illinois, which is still in full force and unpaid, together with Five Percent (5 per cent) interest thereon from said date; that execution was issued thereon on March 20th, A. D. 1930, and de-

livered to the Sheriff of said county to execute, and afterward, on the 21st day of March, A. D. 1930, was returned by said Sheriff, 'No Property Found'; that said defendant, Elmer J. Wise is insolvent and has no property which can be reached by execution.

''Complainant further represents that there is due to said Elmer J. Wise, a One Per Cent (1 per cent) commission, being seven Hundred Eighty-One Dollars and Thirty-eight Cents ($781.38), fully earned by him from the Town of Middlefork, in Vermilion County, Illinois, to be paid by said Town out of the proceeds derived from the sale of $75,000.00 Hard Road Bonds voted in said Town; that said Elmer J. Wise being Supervisor of said Town of Middlefork, and Treasurer of said fund, which is on deposit in the American Bank and Trust Company, Danville, Illinois, a Corporation; that said sum of Seven Hundred Eighty-One Dollars and Thirty-eight Cents ($781.38) ought in equity to be applied in satisfaction of said judgment, and said defendant, Elmer J. Wise, and the said American Bank and Trust Company, Danville, Illinois, a Corporation, should be required and compelled to discover and set forth all the facts and circumstances in regard to said commission and money in said Bank due said Treasurer on said fund, in the respects aforesaid, and he should be temporarily enjoined from assigning or transferring said amount due him, or the order which has been issued to him for the same, and when received and collected by the Receiver to be appointed for that purpose, it should be applied to the discharge of said judgment; that upon hearing of this cause said Injunction be made perpetual, and the said Elmer J. Wise be required to indorse and deliver said order to said Receiver for the purpose aforesaid, and that complainant may have all other, further and different relief in the premises as equity may require and to the court may seem proper.

"Forasmuch, Therefore, as your complainant is without remedy except in this Court, and to the end that said defendant may be required to answer this bill, but not under oath, and that upon hearing, disclosure may be had of both defendants, as above set forth; that said temporary injunction be made perpetual; that said Receiver collect said money due said Elmer J. Wise on said order for said Commission, and said Elmer J. Wise be required to endorse and deliver the same to him, and not to transfer or assign the same."

The averments in appellant's bill of complaint are to the effect that the appellee Elmer J. Wise is a supervisor of the town of Middlefork in Vermilion county and *ex officio* treasurer of the road and bridge fund of the town; that in his official capacity as treasurer he has earned a one per cent commission amounting to the sum of $781.38, which was due and payable to him by the town of Middlefork as such treasurer from the proceeds of a sale of $75,000 of hard road bonds; and that the appellee as supervisor and treasurer has this fund of $75,000 on deposit in the appellee bank—The American Bank and Trust Company. And the purpose of the creditor's bill is to compel the appellee Wise and the appellee bank to "discover all the facts and circumstances in regard to said commission and the money in said bank due said treasurer"; also that the appellee Wise be temporarily enjoined from assigning or transferring said amount due him in any order which may have been issued to him for the same; and that a receiver should be appointed by the court and the appellee Wise be required to indorse and deliver the order mentioned to the receiver; and that when the money is collected by the receiver, it be applied to the discharge of appellant's judgment for the sum of $600.25, which he recovered against the appellee Wise in the circuit court of Vermilion county.

It is evident from the foregoing averments of the facts that the money in question, which is averred to be due as commissions, is payable to the appellee as treasurer of the road and bridge fund, and not to appellee as an individual, and that it is still a part of the road and bridge fund of which he has possession and which is under his control as treasurer; that is to say, that the order of the court, if carried into effect prayed for by the bill, involves the disposition of a part of a public fund in legal possession and charge of a public official. It is conceded by the appellant that a municipal corporation or a public official cannot be garnisheed at law, under these circumstances, for the reason that it is against public policy to allow such a proceeding on account of the expense and vexation and interruption of public business by permitting the same to be done; but it is also settled law, that a creditor's bill is considered in the same legal category as a garnishment proceeding when filed to accomplish the same purpose. *Addyston Pipe & Steel Co. v. City of Chicago,* 170 Ill. 580.

In this litigation the appellant seeks to accomplish what would be the result and final effect of a garnishment proceeding, namely, to appropriate the money which is claimed is due to the appellee Wise to satisfy the judgment which the appellant recovered against Wise, although the money which is sought to be applied for that purpose is a part of a public fund in the hands of a public official; and averred in the bill to be due and payable to such public official as official compensation for a public service. And the court is asked to dispose of the money as if it were due and payable to the appellee Wise personally. However, the money which is due and payable to him as treasurer would not become his personal money until it was paid to him. *Triebel v. Colburn,* 64 Ill. 376. Nor

would a receiver have the legal right to compel the payment to him of the money under these circumstances as long as it remains a part of a public fund and is in the hands of a public officer as part of a public fund. *Lamb v. Lamb,* 256 Ill. App. 226. The bill does not aver that an order for the commission due to the treasurer has been issued and made payable to appellee Wise personally; and there is no presumption of law and none can arise from the averments in the bill, that such an order would be issued; inasmuch as it is payable to him as treasurer, the presumption of law would be that such an order if issued would be made payable to him as treasurer; and in that event he would have to indorse or assign it as treasurer. It is apparent, therefore, that all the matters which would be legally required to be done or restrained from doing by the direction of the court, are matters which the appellee Wise would have to do or refrain from doing as treasurer of the road and bridge fund. It is elementary law that in order to give the court jurisdiction to adjudicate upon the legal right claimed by appellant in part of a public fund in charge and possession of the treasurer of the road and bridge fund to be legally taken from the treasurer and utilized to satisfy appellant's judgment, the treasurer who has legal charge of and responsibility for the fund must be made a party to the proceeding, and this legal requisite is not supplied by making the appellee Wise a party to the suit as an individual.

We conclude therefore that the bill of complaint was insufficient in law as a basis for granting the relief prayed for by the appellant and that the demurrer was properly sustained. The decree dismissing the bill is therefore affirmed.

*Affirmed.*