# BUSHNELL v. HAYNES *et al.*

No. 6890.   Opinion Filed March 21, 1916.)

(156 Pac. 343.)

1. **COUNTIES—Contracts—Bond.** The giving of such a bond as is required by section 3881, Rev. Laws 1910, is a condition precedent to the obligation of a contract for the building of a public improvement to cost more than $100, let by a public officer, and if a requirement to give such a bond is not expressly incorporated in the contract, that duty becomes a part of such a contract by operation of the statute requiring the bond to be given.

2. **SAME.** One who contracts with a public officer to construct a public improvement to cost more than $100 has no right to proceed with the execution of his contract until he has given a bond, conditioned as required by statute, in a sum not less than the sum total of the contract, indemnifying against loss persons who furnish labor and material for the construction of such public improvement.

3. **SAME—Officers—Liability to Materialmen for Failure to Require Bond.** One who sells material to such a public contractor is charged with knowledge of the statutory duty of the contractor to give such a bond as is required by the statute, and if he sells him material before such a bond has been given, he does so at his peril, and if he sustains a loss, he cannot recover damages from the officer who failed to require such a bond, because the proximate cause thereof is his own negligence in not ascertaining for himself whether the statutory requirements in that respect had been complied with, and not that of the contracting officer, because if the contracting officer failed to require the giving of such a bond by the express terms of the contract, the law stepped in and by implication made that requirement one of the conditions precedent of the contract.

4. **SAME.** Defendants in error were members of a board of county commissioners, and the county board of which they were the constituent members let a contract to B. for the building of a county bridge for a price exceeding $100, but failed and neglected to require B to give a bond, such as was required by section 3881, Rev. Laws 1910, to indemnify against loss persons who might furnish labor or material for the construction of such bridge. Plaintiff in error sold material to B. for the construction of such bridge, which was, in fact, used in the construction thereof. B., becoming insolvent, did not and could not pay plaintiff in error for such ma-

terial, and plaintiff in error sued the defendants in error personally for damages in a sum equal to the price of the material sold to B., and the freight charges thereon, for their negligence in failing to require B. to give the bond required by the above-mentioned statute. **Held,** the defendants in error were not personally liable to respond in damages as for their personal negligence.

(Syllabus by Wilson, C.)

*Error from District Court, Texas County;*
*W. C. Crow, Judge.*

Action by A. Bushnell against Smith Haynes and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*John L. Gleason,* for plaintiff in error.

*F. H. Dale, R. L. Cooke,* and *J. L. Gilson,* for defendants in error.

Opinion by WILSON, C. Plaintiff in error, as plaintiff, filed his petition in the district court of Texas county, alleging, in substance, that on or about August 1, 1913, defendants were the members of the board of county commissioners of Texas county; that on that day, and while acting in their official capacity as such commissioners, they awarded to George H. Bradford a contract to construct a bridge in that county for $3,890; that by the terms of said contract said Bradford agreed to furnish all the necessary labor and material for the construction of said bridge; that upon said contract being executed, the defendants carelessly and negligently failed to require the said Bradford to enter into a bond to the State of Oklahoma, securing the payment of all labor and material used in the construction of said bridge, and that no such bond was or has been executed by said Bradford; that on or about September 21, 1913, said Bradford purchased from plaintiff lumber and other materials for the construction

of said bridge, which were used in the construction thereof; that after the delivery of said material to said Bradford said Bradford became insolvent and was adjudged a bankrupt; that by reason thereof plaintiff has been and is unable to collect the amount due him from said Bradford for said material; that plaintiff was without fault in the premises; that he had no notice of the failure of Bradford to give said bond; that the negligence of the defendants in failing to require such bond to be given was the cause of his loss—and prays for judgment for the value of the material furnished and for the freight charges. Defendants filed their demurrer to said petition, alleging as ground therefor, among other things, that said petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained and a judgment rendered for the defendants, from which ruling and judgment of the court the case was appealed to this court:

Sections 3881, 3882, Rev. Laws 1910, are as follows:

"Sec. 3881. Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public (building or) buildings or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements.

"Sec. 3882. Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected; and any person to whom there is due any

sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

The question involved in this appeal is: Did the failure of the board of county commissioners to take the bond required by section 3881, *supra,* constitute such negligence on the part of the members of such board as to render them individually liable in damages to the plaintiff? This question, in its different phases, seems to have been passed on by the courts of but few of the states, and the identical question seems to have been decided only by the courts of Arkansas and Michigan. The Supreme Court of Arkansas, in the case of *Blanchard v. Burns,* 110 Ark. 515, 162 S. W. 63, 49 L. R. A. (N. S.) 1199, held, quoting the syllabus, as follows:

"The failure of public officers to comply with a statute directing the taking of a bond from a contractor for public work, conditioned on paying all indebtedness for labor and material, upon which bond any person to whom there is due any sum for labor or material furnished may bring an action, does not render them individually liable."

, The theory on which the opinion in *Blanchard v. Burns* was rendered was that the negligence, if any, was in the directors in their collective or corporate capacity, and not in their individual capacity (the defendants in that case being directors of a school district), and that the individual members of a school board could not be made individually liable for the negligence of the board of which they were members. The Supreme Court of Michigan, however, in the case of *Owen v. Hill,* 67 Mich. 43, 34 N.

W. 649, and in numerous later cases, held directly the opposite, to wit, that in such a case the members of a board of school trustees were individually liable; the holding in that case being based on the ground that the duty to require such a bond was a purely ministerial duty, for a breach of which liability attached to the individual members. *Smith v. Zimmer,* 43 Mont. 282, 125 Pac. 420, is another case which, in reasoning, seems to strongly sustain the theory of the Michigan cases.

After having carefully considered the briefs of both the plaintiff and defendants, and having examined the authorities therein cited, and after having carefully considered the statute of our own state which is here involved, we have come to the conclusion that the members of the board of county commissioners of Texas county are not liable to the plaintiff in damages in the instant case, for the reason that in the very nature of things they could not have been guilty of a breach of duty to the plaintiff by not accepting the bond required by section 3881, for these reasons: Section 3881, Rev. Laws 1910, above quoted, makes it mandatory that whenever any public official enters into a contract for the construction of a public improvement to cost more than $100, such officer shall take from the contractor a bond in not less than the sum total of the contract, conditioned that the contractor will pay all indebtedness incurred by him for labor or material furnished for the construction of such improvement. That statute not only makes it the duty of the officer to require such a bond, but it makes it the duty of the contractor to give it. It is a well-established rule of the law of contracts that the existing statutes of the land at the time a contract is made becomes a part of it and

must be read into it.    6 R. C. L., title, Contracts, sec. 243;
9 Cyc. 532; *Deweese v. Smith,* 106 Fed. 438, 45 C. C. A.
408, 66 L. R. A. 971; *Armour Packing Company v. United
States,* 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.)
400; *Simpson v. Hillis,* 30 Okla. 561, 120 Pac. 572, Ann.
Cas. 1913C, 227; *Brady v. Bank,* 41 Okla. 473, 138 Pac.
1020, Ann. Cas. 1915B, 1019.

The giving of such a bond as is required by the above-
quoted statute is a condition precedent to the obligation of
every contract let by a public officer for the construction
of a public improvement to cost more than $100, and
whether or not such a condition is written in the contract
as one of its express terms, the law implies as one of the
terms of such a contract a condition that all the other
obligations of the contract shall be held in abeyance, and
not be binding upon either party until such a bond
as the state requires has been given in a sum not
less than the "sum total" provided by the contract.
Until such a bond has been given no duty rests upon
the contractor to proceed with the execution of his
part of the contract, and if he does proceed under the
contract without having given the bond, his claim for his
services should not be allowed by the auditing officer.
No other interpretation of the statute under consideration
will give full effect to its purpose, which is to as fully
indemnify against loss those who deal with public im-
provement contractors as those who deal with other con-
tractors with private persons are indemnified by the pro-
visions of the mechanics' and materialmen's lien laws.

All men are charged with knowledge of the law, and
men who sell material to public improvement contractors
are charged with knowledge of that condition which the

law implies as being a part of the contract of every such contractor; and, if they sell material to such contractors before their contracts have been made effective by the filing of the bond which the law requires, they do so at their own peril, and if they sustain losses thereby, the proximate cause thereof is their own negligence, and not that of the contracting officers, because if the contracting officers have neglected to write into the contract in express terms that which the law says shall be there, the law, by its own operation, puts it there by implication.

In the instant case the allegation of plaintiff's petition that defendants failed and neglected to require the contractor, Bradford, to give the statutory bond did not charge actionable negligence, because even though they may have neglected to make such a requirement by the specific terms of the contract, the law stepped in and made that requirement for them, and the law charged the plaintiff with knowledge of that fact. Pending the giving of such a bond as was required by the statute, all the obligations of Bradford's contract, other than the implied one to give the bond, were suspended and inoperative, and he was without authority to proceed further under the contract. The plaintiff being charged with notice that the law required the giving of the bond, he should have investigated for himself and ascertained whether such a bond had been given, and if he dealt with Bradford without the required bond having been given, he did so at his peril, and must bear the burden of his loss.

Finding no error in the judgment of the court, we recommend that it be affirmed.

By the Court: It is so ordered.