## REINHART & DONOVAN CO. v. BOARD OF COM'RS OF CHOCTAW COUNTY et ai.

No. 8775—Opinion Filed June 4, 1918.

(173 Pac. 848.)

### 1. Counties—Contract for Building—Liability of County Commissioners.

That part of section 1621, Rev. Laws 1910, providing that a contract for public "buildings shall be so conditioned that not more than 80% of the price agreed to be paid for the construction thereof shall be paid until the terms of the contract shall have been complied with and the building completed

to the satisfaction of the board and accepted by them," was enacted for the use and benefit of the municipality constructing such building and to protect it so that it might have a complete fulfilment of its building contract, and not be compelled to accept a building unless the contract for the erection thereof had been fully complied with; and was not intended for the use and benefit of materialmen and laborers and upon a failure of county commissioners to retain 20 per cent. of the contract price of a courthouse until ten days after the final acceptance of the same by said commissioners did not make them liable upon their official bond for damages which a materialman might sustain by reason of his failure to collect for materials furnished the contractors.

**2. Counties — Materialmen — Contractor's Duty to Give Bond—Notice.**

Materialmen who furnished material to contractors erecting a county courthouse are charged with the knowledge of the statutory duty of the contractor to give a bond such as is required by statute, and if they furnish material before such bond has been given then they do so at their own peril, and if they sustain a loss they cannot recover damages from the members of the board of county commissioners individually or upon their official bonds, who fail to require such bond.

(Syllabus by West, C.)

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by the Reinhart & Donovan Company against the Board of Commissioners of Choctaw County, Okla., and others. From an order sustaining a demurrer to the petition, plaintiff brought error on the transcript of the record, and S. C. Boswell appeared specially and moved to dismiss the appeal. Motion overruled, and judgment affirmed.

Twyford & Smith, for plaintiff in error.
McDonald & Jones, for defendants in error.

Opinion by WEST, C. This is an appeal upon transcript of the record from the action of the court below in sustaining demurrer of defendants in error, defendants below, to the petition of plaintiffs in error, plaintiffs below, and S. C. Boswell has appealed specially and filed motion to dismiss this appeal on the ground that he, being one of the defendants in the court below, was not made a party to the appeal and service had upon him. The record of the transcript does not disclose that the defendant S. C. Boswell filed demurrer in the court below. It is true the journal entry recites that he was one of the demurrant defendants; however,

from an examination of the entire transcript we are of the opinion that the movant, S. C. Boswell, did not file a demurrer in the court below, and that the journal entry reciting that he was one of the demurrant defendants was an error.

In case of Board of Education v. State, 7 Kan. App. 620, 52 Pac. 466, the first paragraph of the syllabus is as follows:

"Where the journal entry of judgment states that the court 'found for the plaintiff and decided against the defendant,' and that thereafter the defendant's motion for a new trial was filed, and where the language of such motion plainly indicates that it was filed, after the decision of the court had been rendered, held, that such motion will be considered by this court, notwithstanding the fact that the said journal entry contains the further statement that the motion was filed 'before judgment'."

In case of Pease v. Clayton et ux., 62 Wash. 26, 112 Pac. 943, the first paragraph of the syllabus is as follows:

"An assignment of error that the trial court overruled a demurrer to the complaint cannot be reviewed on appeal, where the record contains no such demurrer."

In case of Chapple et al. v. Gidney et al., 38 Okla. 596, 134 Pac. 859, the court held:

"Where the separate demurrer of one of three defendants is sustained and the action dismissed, it is dismissed as to the demurrant and left pending as to the defendants not demurring, and the defendants not demurring are not necessary parties to an appeal taken from such action of the trial court."

We are of the opinion, from an examination of this transcript, that the recitation in the journal entry to the effect that the demurrer of defendant S. C. Boswell was sustained was an error, and that the said S. C. Boswell did not in fact lodge a demurrer in the court below, and that said motion to dismiss should be overruled, and it is so ordered.

Considering the case upon its merits, it appears from an examination of the transcript that Donothan & Moore, contractors, entered into a contract with the board of county commissioners of Choctaw county to erect a courthouse for an agreed price of $107,600, same to be paid in current funds of the county upon installments. It appears that the plaintiffs in this case had furnished materials to be used in the construction of the courthouse, and that the board of county commissioners failed to retain 20 per cent. of the contract price as provided by the

terms of the contract until ten days after the final completion and acceptance of the building, and that the board of county commissioners failed to require and take a bond required by statute for the protection of laborer's and materialman's liens as provided by sections 3881 and 3882, Rev. Laws 1910.

Plaintiffs alleged that by reason of the failure of said board of county commissioners to do each of said acts they were damaged thereby on account of not being able to collect for the material which they furnished the contractors and which went into said building. To the petition a demurrer was lodged by the defendants and sustained by the court, and cause comes here upon appeal complaining of this action of the trial court. There are only two propositions to be considered in this case: First. Did the failure of the county commissioners to retain 20 per cent. of the contract price of said courthouse until ten days after the final acceptance of the same by the commissioners make them liable individually and upon their official bonds for the damage which plaintiff sustained by reason of their failure to collect for materials furnished the contractors? Second, Did the failure of the county commissioners to require the contractor to make bond to protect materialmen as required by sections 3881 and 3882, Rev. Laws 1910, give rise to a cause of action in favor of plaintiff against said commissioners individually and upon their official bonds?

Considering the first proposition, section 1621, Rev. Laws 1910, is as follows:

"Advertisement for Bids — Bids. The board of county commissioners shall cause an advertisement for bids for the erection of such buildings to be printed in some newspaper printed in the county, or of general circulation therein, if there be no newspaper published in said county, for a period of at least thirty days prior to the date set for the opening of bids, and in such other newspapers in the state as the board may deem advisable. Such advertisement shall give the place where the plans and specifications may be examined, the date on which bids will be opened, the time which will be allowed for the completion of such building, and such other information as the board may direct. Bids may be opened, considered, passed upon and contracts for the erection of said buildings let at any regular session of said board, or at a special session thereof called for such purpose, but in all cases the bids must be opened and contracts let in open session of said board; the lowest responsible bid must in all cases be accepted unless all bids are rejected. and the contract for such building shall be so conditioned

that not more than eighty per cent. of the price agreed to be paid for the construction thereof, shall be paid until the terms of the contract shall have been fully complied with and the building completed to the satisfaction of the board and accepted by them. The said board of county commissioners may require to be filed with each bid a bond, or in lieu thereof a certified check, conditioned that the bidder will enter into a contract with approved security, for the performance of the work in accordance with the plans and specifications in case his bid be accepted, and when such contract, is awarded to any such bidder, such bidder shall execute to the county a good and sufficient bond in double the sum of such contract, with two or more sureties to be approved by the board of county commissioners, conditioned for the faithful and full performance of such contract."

In case of Hutchinson v. Krueger et al., reported in 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914C, 98. the syllabus of said case is as follows:

"1. Mechanics' Liens—Property Subject —Public Buildings. In the absence of a statute in express terms authorizing it, there can be no mechanic's lien on the public buildings of a state, or the subdivision thereof, since such lien would be contrary to public policy and incapable of enforcement.

"2. Statutes — Construction — General Rules. While it is the general rule that the Legislature of one state, in adopting a statute of another state, is presumed to have adopted the construction placed on such statute by the highest court of such other state prior to its adoption, yet this rule has its exceptions, first, where the construction is contrary to the Constitution or the well-defined legislative policy of the adopting state; second, where the adopted statute exists in many other states and such construction is contrary to the decided weight of authority in such other states having substantially the same statute.

"3. Mechanics' Liens — Construction — Subject-Matter. Where the condition of a bond is 'to pay all claims for labor and material contracted in the erection of said county jail building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and buildings.' etc., held, that the obligation of the bond extended only to such claims as 'might become liens,' and that the sureties were not liable on account of claims that are not and could not become liens."

Inasmuch as the plaintiffs under the law were unable to fix a lien on this building, and further, that the state or any municipal subdivision thereof could not be garnished and funds in its hands due contractors for the erection of public buildings subjected to

the claim of said lien holders, we cannot see how or in what manner the plaintiffs in this case could have been damaged by reason of the fact that the board of county commissioners paid the full purchase price of such building in advance of the time provided by statute, as no right or claim which they had against the contractors could in any manner be enforced by them as against funds of the county or board of county commissioners.

It will be observed that the provision in the statute evidently was made, not for the benefit of lienholders, as there was no way by which they could reach the same, but for the benefit of the county to indemnify it against a breach of the contract which they had made with the contractors. In other words, to insure that the terms of the contract so far as the county was concerned were fully complied with and the building completed to the satisfaction of the board and accepted by them. After the building had been completed as provided by the contract and accepted by the board, and there was a balance in the hands of the treasury due the contractors under their contract, any claim for material or labor furnished could not have been satisfied out of this fund, nor could such funds have been subjected by process of law to the payment of these creditors; irrespective of whether or not claims for labor had been fully paid it would have been the duty of the board of county commissioners to have paid the balance to the contractors and to no other persons. It is true that the parties claim that the contract for the erection of the building which contained the following clause:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim; should there prove to be any such claim after payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default"

—would have enabled them to have subjected any fund in the hands of the county to the payment of their claims. With this we cannot agree.

This court, in case of Hutchinson v. Krueger et al., supra, in construing a very similar

provision of a bond which was executed by the contractors, held:

"Where the condition of a bond is 'to pay all claims for labor and material contracted in the erection of said county jail building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and buildings,' etc., held, that the obligation of the bond extended only to such claims as 'might become liens,' and that the sureties were not liable on account of claims that are not and could not become liens."

This, we think, disposes of this contention; that is, the provision of the statute (section 1621, supra) was intended only to protect the county so that it might have and receive a complete fulfillment of its building contract, and not be compelled to accept a building except such as was provided by the contract, and was not intended for the use and benefit of materialmen or laborers, and the building contract in this case having provided that they were authorized under such contract to liquidate only such claims as might become liens, and this being a public building against which no lien could have been fixed, then it was not within the province of materialmen to question the manner of the board of county commissioners' paying for such building inasmuch as their rights could not have been affected thereby.

Considering the second proposition raised by the appeal, as to whether or not the board of county commissioners would be liable personally and upon their official bonds for failure to require the contractor to give a bond as provided by sections 3881 and 3882, Rev. Laws 1910, to indemnify against loss all persons who might furnish labor or material for construction of a municipal building: Following the law announced in Bushnell v. Haynes, 56 Okla. 592, 156 Pac. 343, we hold that the materialmen who furnished material to the contractors erecting the courthouse in the instant case were charged with knowledge of the statutory duty of the contractor to give such a bond as was required by statute, and if they furnish material before such bond has been given they do so at their own peril, and if a loss is sustained they cannot recover damages from the commissioners who failed to require such bond, because the proximate cause of the loss is not ascertaining for themselves whether the statutory requirements in that respect had been compiled with, and not the negligence of the contracting officer.

Finding no error in the judgment of the trial court, the same is affirmed.

By the Court: It is so ordered.