## TULSA BOILER & MFG. CO. v. SHAFFER et al.

No. 9031—Opinion Filed April 15, 1919.

(180 Pac. 379.)

(Syllabus.)

**Municipal Corporations—Public Contracts — Necessity of Bond—Liability of Officials.**

One who sells material to a public contractor is charged with knowledge of the statutory duty of the contractor to give a bond as required by section 3881, Rev. Laws 1910, and to have the same filed with the clerk of the district court, as required by section 3882 of said laws, and when such contractor gives a bond that is neither conditional as required by said section 3881, supra, nor filed with the clerk of the district court, as required by section 3882, supra, a materialman who sells such contractor material, which goes into the construction of the public improvement contracted for, is not entitled to recover damages from the individual officers who failed to secure and have filed the bond as provided by the provisions of said sections.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the Tulsa Boiler & Manufacturing Company against W. L. Shaffer and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Blake & Sneed, for plaintiff in error.

Robt. Wimbish and W. C. Duncan, for defendants in error.

RAINEY, J. In August, 1910, one C. A. Reese entered into a written contract with the incorporated town of Francis, Okla., which was executed by the president of the board of trustees and the town clerk of said town, whereby the said C. A. Reese was to construct a waterworks system for said town, and to furnish the material and labor therefor, and at the same time executed a bond to said town with the Southern Surety Company as surety, conditioned that the said C. A. Reese would indemnify and save harmless the town of Francis from any pecuniary loss from the breach of any of the terms, covenants, and conditions required by said contract to be performed by the said C. A. Reese as principal. There were other conditions in the bond for the benefit of the surety not material to a decision of this case.

After the execution of the contract and the giving of the bond aforementioned, Reese purchased from the Tulsa Boiler & Manufacturing Company certain supplies which he used in the construction and erection of the waterworks system, for which he failed and refused to pay. Thereafter said Tulsa Boiler and Manufacturing Company recovered judgment against him in the district court of Tulsa county in the sum of $2,329.02, including interest and costs. Subsequently the said Tulsa Boiler & Manufacturing Company, as plaintiff, filed its petition in the district court of Pontotoc county aganst W. L. Shaffer, T. E. Miller, W. P. Chisom, J. C. Rushing, S. W. Rodgers, H. R. Hochstrosser, O. D. Wright, and J. H. Norman, as members of the board of trustees of the incorporated town of Francis, Okla., wherein, after setting forth the foregoing matters, it was alleged that the said C. A. Reese was insolvent, and that he had no property out of which the judgment could be satisfied; that under the provisions of sections 6164 and 6165, Comp. Laws of Oklahoma 1909, the defendants owed the plaintiff the duty to take a bond from the said C. A. Reese. conditioned as prescribed by section 6164 of said laws, and to require that such bonds be filed in the office of the district clerk of Pontotoc county, Okla., as required by section 6165 of said laws; that, although the defendants took a bond, they negligently failed to take a bond conditioned as prescribed by law and to have any bond filed as required by section 6165, supra, all to the damage of the plaintiff in the amount aforesaid. The trial court sustained the defendants' demurrer to plaintiff's petition, which alleged in substance the foregoing facts, and dismissed the action, to reverse which judgment the cause has been brought to this court.

Sections 6164 and 6165, Comp. Laws Oklahoma 1909, are substantially the same as sections 3881 and 3882, Rev. Laws 1910, which read as follows:

"3881. Whenever any public officer shall, under the laws of this state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements.

"3882. Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected; and any person to whom there is

due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

From the foregoing it appears that plaintiff brought its action on the theory that the defendants are personally liable to it on account of their negligence in failing to secure a bond from the said C. A. Reese, conditioned as required by section 3881, supra, and to have such bond filed in the office of the clerk of the district court of Pontotoc county as required by section 3882, supra. That they are not liable is already settled by decisions of this court.

Bushnell v. Haynes et al., 56 Okla. 592, 156 Pac. 343 was an action wherein one Bushnell sued the defendant Haynes and others, as members of the board of county commissioners of Texas county, Okla., for carelessly and negligently failing to require one Bradford, to whom had been let a contract for the erection and construction of a bridge in said county, to enter into a bond to the state of Oklahoma, as required by section 3881, supra, and that by reason of such failure plaintiff had suffered damage, in that Bradford had become insolvent and had failed to pay the plaintiff for material sold by him to said contractor. In that case a demurrer was filed to plaintiff's petition, and on appeal this court, with reference to said statute, said:

"The giving of such a bond as is required by the above-quoted statute is a condition precedent to the obligation of every contract let by a public officer for the construction of a public improvement to cost more than $100, and whether or not such a condition is written in the contract as one of its express terms, the law implies as one of the terms of such contract a condition that all the other obligations of the contract shall be held in abeyance, and not be binding upon either party until such a bond as the state requires has been given in a sum not less than the 'sum total' provided by the contract. Until such a bond has been given no duty rests upon the contractor to proceed with the execution of his part of the contract, and if he does proceed under the contract without having given the bond, his claim for his services should not be allowed by the auditing officer. No other interpretation of the statute under consideration will give full effect to its purpose, which is to as fully indemnify against loss those who deal with public improvement contractors as those who deal with other contractors with private persons are indemnified by the provis-

ions of the mechanic's and materialmen's lien laws.

"All men are charged with knowledge of the law, and men who sell material to public improvement contractors are charged with knowledge of that condition which the law implies as being a part of the contract of every such contractor; and, if they sell material to such contractors before their contracts have been made effective by the filing of the bond which the law requires, they do so at their own peril. and if they sustain losses thereby, the proximate cause thereof is their own negligence, and not that of the contracting officers, because, if the contracting officers have neglected to write into the contract in express terms that which the law says shall be there, the law, by its own operation, puts it there by implication.

"In the instant case the allegation of plaintiff's petition that defendants failed and neglected to require the contractor, Bradford, to give the statutory bond did not charge actionable negligence, because, even though they may have neglected to make such a requirement by the specific terms of the contract, the law stepped in and made that requirement for them, and the law charged the plaintiff with knowledge of that fact. Pending the giving of such a bond as was required by the statute, all the obligations of Bradford's contract, other than the implied one to give the bond, were suspended and inoperative, and he was without authority to proceed further under the contract. The plaintiff being charged with notice that the law required the giving of the bond, he should have investigated for himself and ascertained whether such a bond had been given, and if he dealt with Bradford without the required bond having been given. he did so at his peril, and must bear the burden of his loss"

The above case is cited with approval in Reinhart & Donovan Co. v. Board of County Commissioners of Choctaw County, Okla., John Huskey, J. W. Bryan, J. H. Wright, Floyd Caylor, A. J. Wright, Wm. H. Dancer. J. E. McCleary, D. L. Burrus, R. F. Self, J. L. Gardner, W. S. McKinney. W. N. Greene, W. W. Wilson, and T. E. Hopson, 70 Okla. 127, 173 Pac. 848, wherein a similar question was before this court. In the last-named case the plaintiff had furnished certain material to Donothan & Moore, who erected the courthouse for Choctaw county under a contract with the board of county commissioners of said county, and the material so furnished was used in the construction of said courthouse. It was held that a failure on the part of the said commissioners to comply with the provisions of section 1621, Rev. Laws 1910, which provided that the county commissioners should retain 20 per cent. of the contract price of the courthouse until 10 days after filing an acceptance of the same

by said commissioners, did not render them liable upon their official bonds for damages suffered by the materialmen by reason of its inability to collect for the material so furnished the contractors. It was further held that materialmen who furnish material to contractors erecting a county courthouse are charged with knowledge of the statutory duty of the contractors to give the bond required by law, that in furnishing such material before such bond is given they do so at their own peril, and that the members of the board of county commissioners are neither liable upon their official bonds nor individually for any loss sustained by such materialmen.

On the authority of the above cases the judgment of the district court must be affirmed.

HARDY, C. J., and HARRISON, PITCH-FORD, and JOHNSON, JJ., concur.