## FRENSLEY BROS. LBR. CO. v. SCOTT et al.

No. 16546—Opinion Filed April 6, 1926.

1. **Schools and School Districts—Liability for Building Material—Contractor's Statutory Bond as Protection to Materialmen.**

One who sells material to a contractor for the erection of a schoolhouse is charged with knowledge of the statutory duty of the contractor to give such bond as is required by section 7486, C. O. S. 1921, and that the bond must be filed as required by section 7487, C. O. S. 1921, and if he sells such contractor material before such bond has been given, he does so at his peril, and if he sustain a loss he cannot recover damages from the school district in which such building was erected, because the proximate cause thereof is his own negligence in not ascertaining for himself whether the statutory requirements in that respect have been complied with.

2. **Appeal and Error—Review—Failure of Evidence to Sustain Petition.**

Where there is no evidence, tending to sustain the allegations of the plaintiff's petition, a judgment for defendant cannot be reversed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by Frensley Brothers Lumber Company against W. M. Scott and others, as members of School Board No. 18, Love County, for lumber and material furnished to erect an addition to a schoolhouse in said district. Judgment for defendants, and plaintiff appeals. Affirmed.

Moss & Keller, for plaintiff in error.

Brett & Brett, for defendants in error.

Opinion by RUTH, C. Plaintiff and defendants appearing in this court in the same relative positions as in the trial court, they will be so designated in this opinion.

Plaintiff alleges he sold to defendants as members of the school board, district No. 18, certain lumber and material necessary to repair or build an addition to a certain school building in district No. 18, and prays judgment. Defendants, admitting their official capacity, deny they ever bought any lumber or materials from plaintiff, and allege they entered into an oral contract with one Bert Overton, to construct the schoolhouse for the sum of $4,000, and they had fully paid the said amount to Overton. A jury was waived and the cause tried to the court, and judgment rendered for defendants, and plaintiff appeals and brings this cause here for review upon petition in error and case-made, and assigns as error the insufficiency of the evidence and the judgment is contrary to law.

The evidence discloses defendants entered into an oral contract with Bert Overton, whereby Overton was to furnish all labor and material necessary to erect the building, at a cost of $4,000, but it further appears Overton told defendants he and another man had bought a bankrupt stock of building material, and he was going to ship it in, in carload lots, and if the building cost less than $4,000, the board would get the benefit of the difference, provided Overton received as profits 10 per centum of $4,000. G. W. Raum, manager of plaintiff lumber yard, testified Overton came to him with a list of materials needed for the building, and obtained plaintiff's estimate of cost of same, and told Raum he. Overton, had a contract to build this school on a percentage basis. About one week thereafter Overton placed his order with plaintiff, who proceeded to haul same to the site of the building. Witness admits he knew the contract was for an amount in excess of $100, but he never made any inquiry as to whether Overton's contract was oral or in writing, and never made any inquiry as to whether the contractor had furnished the bond as required by statute. Subsequently, Overton paid Raum $200 in cash. Witness testifies he saw Scott, one of the defendants, and Scott said Overton was doing the work on a percentage basis, "with our paying for the material." If this were uncontroverted, it would be insufficient to charge the school board, as one member of the board could not bind the board, to pay plaintiff, in the

absence of a contract with plaintiff, authorized by the board at a meeting thereof. Scott, however, denies any such conversation, but testifies that when Raum met him at a picnic, Raum said he had furnished the material for the building, and Scott told him the board had already paid Overton the contract price of $4,000. Furthermore, the statement attributed to Scott by Raum is insufficient in any event. It is vague and indefinite. Even if Scott did use these exact words, it cannot be said he meant "we will pay you for the material." The board under its contract was to pay Overton for the material, which it did. It appears Overton told the defendant he was going to borrow sufficient material to start the job, until his car came in, and Mr. Raum denies he loaned Overton this material, but J. H. Fitts, who hauled the material and received his pay from the plaintiff through Raum, testifies that Raum told witness he (Raum) was swapping some lumber until his (Overton's) came in. He (Raum) was getting off some old lumber and getting new for it.

By section 10337, C. O. S. 1921, a school district is constituted a body corporate, capable of suing and being sued ,and "contracting and being contracted with," but to bind the corporation, the contract must be made with the board as a board, and any contract made with an individual member of the board **cannot** bind the corporation.

Ryan v. Humphries, 50 Okla. 343, 150 Pac. 1106, was an action involving the question of contracts made by a school board, and this court laid down the following rule:

"It may be laid down as a general rule that, when several persons are authorized to perform a public service, or to do an act of a public nature, as an organized body, which requires deliberation, they should be convened in a body, in order that they may have the counsel and advice of every member, although they may not all be of the same opinion concerning the matter in hand." School District No. 39, Pottawatomie County, v. Shelton, 26 Okla. 229, 109 Pac. 67; Cross Twp. of Kay Co. v. Wallace, 57 Okla. 726, 157 Pac. 898; Mahr v. Bd. of Co. Com'rs, 26 Okla. 628, 110 Pac. 751; City of Tulsa v. Malloy et al., 104 Okla. 281, 231 Pac. 256; United States Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771.

Plaintiff, while admitting he knew the contract was in excess of $100, and never made inquiry about the statutory bond, contends that a bond was not necessary, as it was a percentage contract, citing School District v. Home Lumber Co., 97 Okla. 72, 221 Pac.

433. The cited case is not in point, as in that case the board at a regular meeting entered into a written contract with the contractor, on a percentage basis of cost, and at a regular meeting, entered into an oral contract with the lumber company to furnish the material, and this court held that in such case it was not required of the contractor to furnish bond, against the claim of lumber company, and held the school district liable.

Section 7486, C. O. S. 1921, provides:

"Whenever any public officer shall, under the law of the state, enter into contract in any sum exceeding $100, with any person or persons, for purpose of making any public improvements, or constructing any public buildings, or making repairs on same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building, or in making sa'd public improvements."

And section 7487, C. O. S. 1921, provides:

"Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made, or such public building is to be erected; and any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness; provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

In Bushnell v. Haynes, 56 Okla. 592, 156 Pac. 343, this court said:

"2. One who contracts with a public officer to construct a public improvement to cost more than $100, has no right to proceed with the execution of his contract until he has given a bond, conditioned as required by statute, in a sum not less than the sum total of the contract, indemnifying against loss persons who furnish labor and material 'or the construction of such public improvement.

"3. One who sells material to such a public contractor is charged with knowledge of the statutory duty of the contractor to give such bond as is required by the statute, and if he sells him material before such a bond has been given, he does so at his peril, and if he sustains a loss, he cannot recover damages from the officer who failed to require such a bond, because the proximate cause thereof is his own negligence in not ascertaining for himself whether the stat-

utory requirements in that respect had been complied with, and not that of the contracting officer, because if the contracting officer failed to require the giving of such a bond by the express terms of the contract, the law stepped in, and by implication made that requirement one of the conditions precedent of the contract."

And in the body of the opinion this court says:

"All men are charged with knowledge of the law, and men who sell material to public improvement contractors are charged with knowledge of that condition which the law implies as being part of the contract of every such contractor; and, if they sell material to such contractors before their contracts have been made effective by the filing of the bond which the law requires, they do so at their own peril, and if they sustain losses thereby, the proximate cause thereof is their own negligence, and not that of the contracting officers, because if the contracting officers have neglected to write into the contract in express terms that which the law says shall be there, the law, by its own operation, puts it there by implication." See Reinhart & Donavan Co. v. Board of Com'rs of Choctaw Co. et al., 70 Okla. 127, 173 Pac. 848; Tulsa Boiler & Mfg. Co. v. Shaffer et al., 72 Okla. 235, 180 Pac. 385.

In the instant case the plaintiff by his own testimony proved conclusively that it dealt with Overton exclusively, and received its money, such as was paid, from Overton, and the judgment of the trial court is well sustained by the evidence, and the judgment is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 965; 24 R. C. L. p. 603. (2) 4 C. J. p. 1131 § 3123.