## ELECTRIC SUPPLY CO. v. CITY OF MUSKOGEE et al.

No. 24858. March 12, 1935.

Jno. W. Porter, for plaintiff in error.

Forrester Brewster, for defendants in error.

PER CURIAM. The plaintiff in this cause sues the city of Muskogee, a municipal corporation, and E. H. Shoults, alleging that a contract had been entered into by the municipal corporation and E H. Shoults whereby the said E. H. Shoults had been awarded the contract in the furnishing of material and doing certain parts of said work, to wit, the installation of outlets for 'phone, power and light, including $1,500 for the purchase and changing of lighting fixtures, also extending the underground service out of the building, all for the sum of $4,740.

The plaintiff alleges that a certain contract was made between the said parties, and contends that under the terms of that contract with Shoults the plaintiff was entitled to the benefit of that contract, and was entitled to sue the city under and by virtue thereof; contends that no bond was made as by law provided; in other words, that the bond that was made was not a legal bond, and that, as the municipality failed to execute a proper bond, and that, as under the law the bond was made for the protection of the lienholder and materialman, therefore, the plaintiff could maintain an action against the municipality under the original contract with the contractor.

This court, in the case of Bushnell v. Haynes, 56 Okla. 592, 156 P. 343, states:

"One who contracts with a public officer to construct a public improvement to cost more than $100 has no right to proceed with the execution of his contract until he has given a bond, conditioned as required by statute, in a sum not less than the sum total of the contract, indemnifying against loss persons who furnish labor and material for the construction of such public improvement.

"One who sells material to such a public contractor is charged with knowledge of the statutory duty of the contractor to give such a bond as is required by the statute, and if he sells him material before such a bond has been given, he does so at his peril, and if he sustains a loss, he cannot recover damages from the officer who failed to require such a bond, because the proximate cause thereof is his own negligence in not ascertaining for himself whether the statutory requirements in that respect had been complied with, and not that of the contracting officer, because if the contracting officer failed to require the giving of such a bond by the express terms of the contract, the law stepped in and by implication made that requirement one of the conditions precedent of the contract."

And in the body of the opinion, this court says:

"All men are charged with knowledge of the law, and men who sell material to public improvement contractors are charged

with knowledge of that condition which the law implies as being a part of the contract of every such contractor; and if they sell material to such contractors before their contracts have been made effective by the filing of the bond which the law requires, they do so at their own peril, and if they sustain losses thereby, the proximate cause thereof is their own negligence, and not that of the contracting officers, because if the contracting officers have neglected to write into the contract in express terms that which the law says shall be there, the law, by its own operation puts it there by implication."

Following this decision, the Supreme Court of this state in American Sash & Door Co. v. McGregor, 129 Okla. 261, 264 P. 602, uses the following language:

"Section 7486, C. O. S. 1921, makes it the duty of public officials who enter into a contract as here, the object of which is to make public improvements or erect public buildings, to require the contractor to give a bond to the state of Oklahoma that the contractor shall pay all indebtedness incurred for labor and materials, such a bond, when taken, does inure to the benefit of materialman, such as the plaintiff. But in the instant case, for reasons not apparent from the record, there was no such bond required and no such bond given. We deem it not amiss in passing to say that in all such cases the public policy as evidently intended by the statute would be best subserved by the officers of the municipality requiring the execution of two bonds, one of which should run to the municipality conditioned as the bond in the instant case; the other, the bond required by the statute above set out, conditioned as by the statute required that payment would be made by the contractor for all labor and material furnished. But, in the absence of a bond so conditioned, * * * the court cannot make a new contract or write into a contract which is plain and unambiguous, conditions which would impose obligations upon the surety beyond and in excess of the liability assumed by it. The plaintiff in dealing with the contractor under a contract made with the school district should have known that no liability attached to the school district or to the board for its failure to require the contractor to give the statutory bond."

The court in the case of Wilson v. Nelson, 54 Okla. 457, 153 P. 1179, says that in order for third parties to recover upon an agreement between others to which they are not privy, the contract must be made expressly for his benefit. It must not only be intended to secure some benefit to him, but there must be a promise legally enforceable.

The plaintiff in error in the case at bar contends that the city of Muskogee did not require a bond to be executed in conformity to the statute; that the obligee in the bond was left blank, and that the bond was made for $6 less than the amount of the contract, and that therefore there was no statutory bond. If there was no bond, as contended by the plaintiff in error, then the first part of this opinion applies. The plaintiff in error contends that there was a provision in the contract between the city of Muskogee and the contractor that the city would pay the contractor, subject to the proof of account for the material used and the work done, and proper showing made of the payment of all outstanding accounts, and that therefore all such bonds were made for the benefit of the materialman; that the city would be liable to the plaintiff in error for the work done and material used by it if it violated the terms of its contract with the contractor in paying the said contractor before it had knowledge of the payment of all claims of materialmen against the contractor for work and material used in the construction of said improvement.

The Supreme Court of this state, in the case of Metropolitian Casualty Insurance Co., of New York v. United Brick & Tile Co., 167 Okla. 402, 29 P. (2d) 771, says:

"Defendant surety company lays particular stress upon the fact that the specifications provided that the city could withhold payment of any of the funds and apply same in payment of claims for labor and material due on the job if bills on the contract were not paid. The contract provides: 'No moneys, payable under contract or any part thereof, shall become due and payable, if the commission so elects, until the contractor shall satisfy the said commission that he has fully settled or paid for all materials and equipment used in or on the work and labor done in connection therewith, and the commission, if it so elects, may pay any or all such bills, wholly or in part, and deduct the amount or amounts so paid from any partial or final estimate.'

"The defendant surety company argues that it is a party to the above contract, and by reason of the provisions thereof it acquired a lien on the funds paid on the contract to the extent that it had the right to demand that payments made on the contract would be used to pay labor and material bills on the contract. Such contention is without merit for the reason that the surety company is not a party to said contract, and for the further reason that said

contract was made for the benefit of the city and not for the surety company, and we are not herein dealing with funds in hands of the city."

The case of Tulsa Boiler & Mfg. Co. v. Shaffer, 72 Okla. 235, 180 P. 379, supports the decision of this court in the case at bar. In that case the syllabus is as follows:

"One who sells material to a public contractor is charged with knowledge of the statutory duty of the contractor, to give a bond as required by section 3881, Rev. Laws 1910, and to have the same filed with the clerk of the district court, as required by section 3882 of said laws, and when such contractor gives a bond that is neither conditioned as required by said section 3881, supra, nor filed with the clerk of the district court, as required by section 3882, supra, a materialman who sells such contractor material which goes into the construction of the public improvement contracted for, is not entitled to recover damages from the individual officers who failed to secure and have filed the bond as provided by the provisions of said sections."

The case of Reinhart & Donovan Co. v. Board of Com'rs of Choctaw County, 70 Okla. 127, 173 P. 848, discusses the effect of a contract that provides for the retention of a certain amount of the contract price until the terms of the contract shall have been complied with, and hold same is for the benefit of the municipality, and that the failure of the municipality to retain the named percentage of the contract until the building is completed does not make officials liable upon their bond for damage which a materialman might sustain by reason of his failure to collect for material furnished the contractor.

The second paragraph of the syllabus follows the rule that the commissioners are not liable for failure to require a bond. The entire syllabus in the case is quoted as follows:

"That part of section 1621, Rev. Laws 1910, providing that a contract for public 'buildings shall be so conditioned that not more than 80 per cent. of the price agreed to be paid for the construction thereof, shall be paid until the terms of the contract shall have been complied with and the building completed to the satisfaction of the board and accepted by them' was enacted for the use and benefit of the municipality constructing such building and to protect it so that it might have a complete fulfillment of its building contract, and not be compelled to accept a building unless the contract for the erection thereof had been fully complied with; and was not intended for the use and benefit of materialmen and laborers, and upon a failure of county commissioners to retain 20 per cent. of the contract price of a courthouse until ten days after the final acceptance of the same by said commissioners did not make them liable upon their official bond for damages which a materialman might sustain by reason of his failure to collect for materials furnished the contractors.

"Materialmen who furnish material to contractors erecting a county courthouse are charged with the knowledge of the statutory duty of the contractor to give a bond such as is required by statute, and if they furnish material before such bond has been given, then they do so at their own peril, and if they sustain a loss they cannot recover damages from the members of the board of county commissioners individually or upon their official bonds, who fail to require such bond."

We think under the facts and the law of this state that the city of Muskogee is not liable in the plaintiff's action, and that the judgment of the trial court should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys R. H. Stanley, G. M. Barrett, and A. W. Trice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stanley and approved by Mr. Barrett and Mr. Trice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.