LAND OFFICE COMMISSIONERS — CONTRACTOR'S SURETY BOND The Commissioners of the Land Office must demand a surety bond, as required by 61 O.S. 1 [61-1] (1971), and no contract can be awarded to any contractor with whom they do business until the required bond has been properly filed. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: 1. Must the Commissioners of the Land Office demand a surety bond, as provided in 61 O.S. 1 [61-1] (1971), from any contractor with whom they do business? Title 61 O.S. 1 [61-1] (1971) provides: "Before any contract, exceeding One Thousand Dollars ($1,000.00) in amount, for the purpose of making any public improvements or constructing any public building or making repairs to the same is awarded, the person or persons to whom such contract is awarded shall furnish to the State of Oklahoma a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total of the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred by such contractors or their sub-contractors who perform work in the performance of such contract, for labor and materials and repairs to and parts for equipment used and consumed in the performance of said contract." This section was enacted as a matter of public policy to protect laborers and materialmen on public construction since they have no contractual rights against the public body or lien rights against public land or improvements. Although for the benefit of laborers and materialmen the courts have uniformly held that they cannot recover against a public entity, individually or otherwise, for loss sustained where the contractor had not given the required bond. Tulsa Boiler and Manufacturing Company v. Shaffer, 72 Okl. 235, 180 P. 379; American Gas Company v. Town of Shattuck, Okl., D.C., 228 F. Supp. 834. In determining if there is any requirement that the Commissioners of the Land Office demand the filing of the statutory surety bond, the provisions of Section 1 must be examined. Section 1 provides that a good and sufficient surety bond shall be furnished before any contract is awarded. In an opinion dated January 10, 1945, to the State Board of Affairs, the Attorney General held that the furnishing of the statutory bond by the contractor is mandatory under the provisions of Section 1. The opinion further held that the contract submitted by the State Board of Affairs to the Attorney General for approval could not be approved until an appropriate bond had been executed. It is clear that there is a legal duty on a public entity to award a contract only after the required bond has been filed. While there is no liability against the public entity for loss sustained where the bond has not been filed, the duty imposed under Section 1 would be inclusive of requiring the public entity to demand the filing of the bond before a contract is awarded. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Commissioners of the Land Office must demand a surety bond, as required by 61 O.S. 1 [61-1] (1971), and no contract can be awarded to any contractor with whom they do business until the required bond has been properly filed. (Mike D. Martin)